380 Mass. 623 (1980)
404 N.E.2d 1254
ATTORNEY GENERAL
vs.
ASSISTANT COMMISSIONER OF THE REAL PROPERTY DEPARTMENT OF BOSTON.
Supreme Judicial Court of Massachusetts, Suffolk.
February 6, 1980.
May 9, 1980.
Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.
Jonathan Brant, Assistant Attorney General, for the plaintiff.
Marcia D. Seeler, Assistant Corporation Counsel, for the defendant.
HENNESSEY, C.J.
In this case we consider whether a judgment entered in the Superior Court that the records of telephone calls from the office of the mayor of Boston were subject to only partial disclosure under the Massachusetts public records statutes was correct. The case was decided upon a motion of the plaintiff for judgment on the pleadings. *624 We reverse, and remand the case to the Superior Court for a hearing on the merits.
An employee of a Boston television station requested the defendant, assistant commissioner of real property of the city of Boston, pursuant to the public records law, G.L.c. 66, § 10, to provide him with a record of all long distance telephone calls placed from or charged to any telephones in the offices of the mayor of the city of Boston during the month of February, 1977. The requested information included the date, time, place called, area code, telephone number, length of time and cost of each long distance call made during the relevant time period. The defendant refused to make the record available and the applicant requested a ruling from the supervisor of public records (supervisor), pursuant to G.L.c. 66, § 10 (b), that the requested records are public records. The supervisor issued an order that the requested long distance telephone call records are public records and ordered the defendant to make them available to the public.
The defendant did not comply with the supervisor's order. The supervisor referred the matter to the Attorney General as provided in G.L.c. 66, § 10 (b), and the Attorney General brought suit in the Superior Court to insure compliance with G.L.c. 66, § 10 (b). The defendant answered that disclosure of the long distance telephone call records would constitute an unwarranted invasion of privacy pursuant to a specific exemption in the public records law. G.L.c. 4, § 7, Twenty-sixth (c).
After the defendant answered, the Attorney General moved for judgment on the pleadings. The motion was heard before a master who recommended rulings similar to those ultimately issued by the court. A judge of the Superior Court subsequently issued a summary judgment, finding no genuine issue as to material fact, and ordering the defendant to disclose only that portion of the long distance telephone call records containing information on the date, length of time and cost of each long distance call made during the month of February, 1977. In addition, the judgment *625 specifically excluded from disclosure the area codes and telephone numbers of persons engaged in such long distance calls. It is from this portion of the judgment which the Attorney General now appeals.
General Laws c. 66, § 10, as amended through St. 1976, c. 438, § 2, which sets forth the procedure for seeking a public record, establishes "a presumption that the record sought is public" and places "the burden ... upon the custodian to prove with specificity the exemption which applies." G.L.c. 66, § 10 (c). This statute thus places the burden of persuasion on the custodian of the records to demonstrate that the records sought come within some specific statutory exemption to the general rule of public disclosure. Bougas v. Chief of Police of Lexington, 371 Mass. 59, 62 (1976). The defendant here, in arguing that the judgment below was correct, relies upon the definition of "public records" contained in G.L.c. 4, § 7, Twenty-sixth, as amended through St. 1979, c. 230, and more particularly the words in part (c) of that clause, which exempt from disclosure "any other materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy." The master, in his recommendation to the Superior Court, found that disclosure of area codes and telephone numbers might constitute such an unwarranted invasion of privacy.
Analysis under exemption (c) requires that the seriousness of any invasion of privacy be balanced against the public right to know.[1]Attorney Gen. v. Collector of Lynn, 377 Mass. 151, 156 (1979). Hastings & Sons Publishing Co. v. City Treasurer of Lynn, 374 Mass. 812, 817 n. 8 (1978). Given the statutory presumption in favor of disclosure, exemptions must be strictly construed. Attorney Gen. v. Assessors of Woburn, 375 Mass. 430 (1978). The public right to know should prevail unless disclosure would publicize *626 "intimate details" of "a highly personal nature." Attorney Gen. v. Collector of Lynn, supra at 157.[2]
From these principles the Attorney General argues that information is sought here for the purpose of monitoring the expenditure of public monies by public officials, and that the judgment of the Superior Court implicitly recognized the validity of that purpose in ordering the disclosure of the portion of the records pertaining to the date, time and cost of each call. However, the argument continues: (1) without area codes and telephone numbers, this information does not provide an adequate basis for assessing the reasonableness of the expense to the public for each call, and (2) the public interest in monitoring such expenditures outweighs the interest in privacy, if any, which may apply to persons involved in long distance telephone communications with the mayor's office. In pursuing the latter point, the Attorney General asserts that there can be no substantial expectation of privacy in one who allows the listing of a number in a telephone book, or gives out an unlisted number to certain persons, or indeed merely subscribes for a telephone in the face of common knowledge that the long distance calls will be recorded by the telephone company. Cases concerning expenditures for public salaries, Hastings & Sons Publishing Co. v. City Treasurer of Lynn, supra 817-818, and records of tax delinquents, Attorney Gen. v. Collector of Lynn, supra at 817-818, are cited as examples in which the public right to know about public expenditures outweighed embarrassment to certain persons.
*627 The defendant, on the other hand, argues that the judge properly applied the balancing test and fashioned a judgment which fairly recognized the two competing interests. He argues briefly the "chilling effect" upon the mayor's office in the operation of its business. However, the main thrust of his argument is that there is a genuine "expectation of confidentiality" in cases where persons receive unsolicited telephone calls; that revelation of telephone numbers can in turn result in harassment of the subscribers by investigators, and that the language of Attorney Gen. v. Collector of Lynn, supra, requires that the public interest in obtaining information must "substantially outweigh" the seriousness of any invasion of privacy before the private interest will be ordered to yield.
The contents of the opposing arguments, based as they must be on various hypotheses, suggest almost inevitably the need for a hearing on the merits of this case. For example, while good and sufficient reason for protecting area codes may have been suggested to the master or the judge, no such reason has been suggested to this court. This issue should be examined factually, as should many other circumstances. The present theoretical arguments will be aided by an inquiry into such matters as the identification of those who have access to the use of the telephones in the mayor's office, and characterization of the numbers called, whether listed or unlisted, individual, corporate or public agency. An orderly effort must be made to divide calls into categories of public business and personal matters. As to the former category, the burden is on the defendant to show that the calls are exempted under the law. If any calls are in the latter category, further inquiry may be precluded if it is established that they were not paid for out of public funds. Such facts should assist the Attorney General in constructing a more specifically reasoned request, and should assist all concerned in an equitable balancing of the opposing interests, as required by the law. It may well be that some helpful and manageable method of in camera inspection of records by the judge may be devised. Cf. Attorney Gen. v. School *628 Comm. of Northampton, 375 Mass. 127 (1978); Mobil Oil Corp. v. FTC, 430 F. Supp. 849, 852 (S.D.N.Y. 1977).
We add that, although the parties have argued constitutional issues, we perceive no showing, in the circumstances so far disclosed, that there is any constitutional protection for the telephone subscribers here concerned, in so far as numbers and area codes are concerned. Cf. Opinion of the Justices, 375 Mass. 795, 806 (1978); Getman v. NLRB, 450 F.2d 670, 675 (D.C. Cir.1971); Disabled Officer's Ass'n v. Rumsfeld, 428 F. Supp. 454, 458 (D.D.C. 1977) (disclosure of names and addresses is very low degree of disclosure); Buckley v. Valeo, 425 U.S. 1, 84 (1976) (no constitutional infirmity in requirement of reports, which are disclosed to public, containing name, address, occupation and place of business of each contributor of over $100 to political campaign).
The judgment is reversed, the Superior Court order is vacated, and the case is remanded to the Superior Court for a hearing on the merits.
So ordered.
NOTES
[1] This balancing process parallels that required by analogous Federal law. See Department of the Air Force v. Rose, 425 U.S. 352, 372-373 (1976); Columbia Packing Co. v. United States Dep't of Agriculture, 417 F. Supp. 651, 654 (D. Mass. 1976), aff'd, 563 F.2d 495 (1st Cir.1977).
[2] The Federal courts have consistently held that the comparable privacy exemption under Federal law relates only to disclosure of "intimate details" of a "highly personal" nature. Getman v. NLRB, 450 F.2d 670, 675 (D.C. Cir.1971). The types of personal information which the privacy exemption is designed to protect include "marital status, legitimacy of children, identity of fathers of children, medical condition, welfare payments, alcoholic consumption, family fights [and] reputation." Rural Hous. Alliance v. United States Dep't of Agriculture, 498 F.2d 73, 77 (D.C. Cir.1974). Joseph Horne Co. v. NLRB, 455 F. Supp. 1383, 1386 (W.D. Pa. 1978). Pacific Molasses Co. v. NLRB Regional Office # 15, 577 F.2d 1172, 1182 (1978), (union authorization cards fall within privacy exemption based on "strong privacy interest [of employees] in their personal sentiments regarding union representation").