JOHN DOE & others *vs.* REGISTRAR OF MOTOR VEHICLES. No. 89-P-149. September 12, 1989. *Registrar of Motor Vehicles*, Records. *Public Records. Privacy.*

In *Doe* v. *Registrar of Motor Vehicles*, 26 Mass. App. Ct. 415, 423 (1988), we held that the plaintiffs had shown enough of an invasion of privacy by disclosure of their age, height, and social security numbers, see *Torres* v. *Attorney Gen.*, 391 Mass. 1, 10 (1984), to place on the Registrar the burden of demonstrating that the invasion is warranted by the Registrar's own governmental purposes. *Doe* at 428. We remanded the matter to the Superior Court for a hearing if the Registrar "files an affidavit alleging that he has evidence that the disclosures are warranted." *Id.* at 430. Although

an affidavit was filed, a judge of the Superior Court, without holding a hearing, entered an injunction barring disclosure, perhaps on the ground that the judge thought the affidavit was not based on personal knowledge.

We think the affidavit sufficient, particularly since this is a matter of public concern which requires the balancing of private and public interests as called for by G. L. c. 4, § 7, Twenty-sixth. The Registrar in any hearing may present evidence of the Registry's needs in enforcing the motor vehicle laws. The judge or the Registrar may determine that the requisite balancing requires that some limits be placed on the public's right to know; for example, disclosure may prove to be warranted only as to persons involved in moving violations and accidents. See, e.g., *Attorney Gen.* v. *School Comm. of Northampton*, 375 Mass. 127, 132 (1978) (disclosure of names of applicants for position of superintendent of schools might constitute an invasion of privacy as to some applicants); *Attorney Gen.* v. *Assistant Commr. of the Real Property Dept. of Boston*, 380 Mass. 623, 627 (1980) (disclosure of some telephone calls may be invasion of privacy); *Aronson* v. *United States Dept. of Housing & Urban Dev.*, 822 F.2d 182, 188 (1st Cir. 1987) (disclosure of mortgagors entitled to receive share of surplus under insurance program of Federal Housing Administration not warranted for a year but warranted thereafter). The Registrar may also, if he determines that broader access to the Registry's files is warranted, seek specific authorization from the Legislature. See, e.g., Ga. Code Ann. § 40-5-2 (Supp. 1988); Kan. Stat. Ann. § 74-2012 (1985); Va. Code Ann. §§ 46.1-31 through 46.1-33.1 (1986); Wash. Rev. Code § 46.12.370 (1987) (statutes authorizing access to registry information for specific purposes).

The injunction is vacated, and the matter is remanded to the Superior Court for a hearing in accordance herewith and our earlier opinion at 26 Mass. App. Ct. 415. The order of the single justice of January 20, 1989, is to remain in effect until such time as a judge of the Superior Court enters or approves the entry of a final judgment in this matter. Since the case is remanded for further proceedings, the plaintiffs' claims on their cross-appeal are premature, and the cross-appeal is dismissed.

*So ordered.*

*Lisa A. Levy*, Assistant Attorney General, for the Registrar of Motor Vehicles.

*Robert Le Roux Hernandez* for the plaintiffs.