[No. B073586. Second Dist., Div. Five. Sept. 14, 1993.]

WILLIAM ROGERS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CITY OF BURBANK et al., Real Parties in Interest.

COUNSEL

Darlene M. Ricker and Barbara S. Blinderman for Petitioner.

No appearance for Respondent.

Joseph W. Fletcher, City Attorney, Freilich, Kaufman, Fox & Sohagi, Benjamin Kaufman and Deborah J. Fox for Real Parties in Interest.

OPINION

**GRIGNON, Acting P. J.**—Petitioner William Rogers seeks review of an order of respondent court denying his request for disclosure of public records from real party in interest, the City of Burbank (the City),[1] pursuant to the California Public Records Act (Gov. Code, § 6250 et seq.,[2] hereinafter the Act). He contends: (1) respondent court erred in finding that telephone numbers contained in the sought-after public records were exempt from disclosure; (2) respondent court abused its discretion in failing to award him costs and attorney fees; (3) there is no substantial evidence to support respondent court's finding that the City's responses were reasonably timely; and (4) respondent court abused its discretion in awarding costs to the City. We deny the petition in part and grant it in part.

### FACTS AND PROCEDURAL HISTORY

Petitioner is a free-lance writer and columnist published under the byline "Will Rogers" in the Glendale News-Press, the Burbank Leader and the Foothill Leader. Over a six-month period, he requested from the City, and was provided, approximately 750 pages of public documents, primarily expense account records of city council members and other City employees. One category of requests was for telephone records of calls made and received by city council members from cellular phones and made from second telephones in home offices maintained by two city council members. Petitioner also requested copies of hotel bills, including telephone calls, for city council members and other City employees while on official business at conventions held in Las Vegas, Nevada. The City provided copies of the hotel and telephone bills, but with the telephone numbers redacted.

---

[1] Real parties in interest include the City, the City Department of Management Services and its director, the city council and its individual members, the City Redevelopment Agency, the Office of the City Attorney, the City Community Development Department, and the city manager.

[2] All further statutory references are to the Government Code unless otherwise indicated.

Petitioner filed this action for declaratory and injunctive relief, alleging several violations of the Act, including the claim that the City had provided documents which were not responsive to petitioner's request. After a court trial presented on declarations, respondent court determined that the City was not required to disclose the telephone numbers. Respondent court found that the telephone numbers were exempt from disclosure under the "deliberative process privilege" (*Times Mirror Co.* v. *Superior Court* (1991) 53 Cal.3d 1325 [283 Cal.Rptr. 893, 813 P.2d 240]), the privacy rights of the persons whose phone numbers are the subject of this case, and the privilege for confidential information set forth in Evidence Code section 1040, subdivision (a). Respondent court denied petitioner's requests for costs and attorney fees under the Act and awarded costs to the City. Judgment was entered on February 17, 1993.

On March 4, 1993, we summarily denied the petition. On May 13, 1993, the Supreme Court granted review and transferred the matter to us to consider in light of section 6259, subdivision (c) and *Times Mirror Co.*, *supra.* On July 26, 1993, we issued an order to show cause and heard oral argument on September 8, 1993.

By statute, respondent court's order is reviewable by way of a petition for extraordinary writ (§ 6259, subd. (c)). After conducting an independent review of respondent court's judgment and determining whether its factual findings are supported by substantial evidence, we conclude that the telephone numbers are exempt from disclosure under the deliberative process privilege. (*Times Mirror Co.* v. *Superior Court*, *supra*, at p. 1336.) In addition, we conclude respondent court's findings that disclosure was timely and petitioner was not the prevailing party are supported by substantial evidence. Accordingly, respondent court did not err in denying petitioner's requests for costs and attorney fees. However, respondent court erred in awarding costs to the City.

DISCUSSION

*General Purpose of the Act*

■ The Act was intended to safeguard the accountability of government to the public. (*San Gabriel Tribune* v. *Superior Court* (1983) 143 Cal.App.3d 762, 771 [192 Cal.Rptr. 415].) To this end, the Act makes public access to government records a fundamental right of citizenship: "In enacting this

chapter, the Legislature, mindful of the right of individuals to privacy,[3] finds and declares that access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state." (§ 6250.)

The California Supreme Court has addressed the competing interests of personal privacy and access to public records as follows: "Implicit in the democratic process is the notion that government should be accountable for its actions. In order to verify accountability, individuals must have access to government files.[4] Such access permits checks against the arbitrary exercise of official power and secrecy in the political process. However, a narrower but no less important interest is the privacy of individuals whose personal affairs are recorded in government files." (*CBS, Inc.* v. *Block* (1986) 42 Cal.3d 646, 651 [230 Cal.Rptr. 362, 725 P.2d 470], fn. omitted.)

■ The Act contains a number of exemptions from disclosure. Because of the strong public policy in favor of disclosure of public records,[5] such records must be disclosed unless they come within one or more of the categories of documents exempt from compelled disclosure. (§ 6254.) These exemptions are construed narrowly, and the burden is on the public agency to show that the records should not be disclosed. (*San Gabriel Tribune* v. *Superior Court*, *supra*, 143 Cal.App.3d at p. 773).

The only specific exemption which has been raised in this case is for "[r]ecords the disclosure of which is exempted or prohibited pursuant to [provisions of] federal or state law, including, but not limited to, provisions of the Evidence Code relating to privilege." (§ 6254, subd. (k).) The City argued, and respondent court agreed, that this exemption precluded disclosure of the telephone records in question because their disclosure was prohibited by Evidence Code section 1040, which makes privileged "information acquired in confidence by a public employee in the course of his or her duty and not open, or officially disclosed, to the public prior to the time the claim of privilege is made." However, in addition to the specific exemptions set forth in the Act, a "catchall" exemption is also set forth in section 6255.

---

[3]The California Constitution, unlike its federal counterpart, expressly declares that the right of privacy is one of the "inalienable" rights of the citizens of this state. (Cal. Const., art. I, § 1.)

[4]Although many requests under the Act are filed by members of the media, they have no greater right of access to public records than members of the general public. (*Register Division of Freedom Newspapers* v. *County of Orange* (1984) 158 Cal.App.3d 893, 900 [205 Cal.Rptr. 92]; *Estate of Hearst* (1977) 67 Cal.App.3d 777, 785 [136 Cal.Rptr. 821].)

[5]The Act defines "public records" as "any writing containing information relating to the conduct of the public's business prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics." (§ 6252, subd. (d).) The City concedes the telephone bills in issue are public records.

*The "Catchall" Exemption—Section 6255*

■ Section 6255 "provides a means by which an agency may withhold a public record which would not be exempt under any of the specific exemptions delineated in section 6254." (*CBS, Inc.* v. *Block, supra,* 42 Cal.3d at p. 662.) Section 6255 states: "The agency shall justify withholding any record by demonstrating that the record in question is exempt under express provisions of this chapter or that on the facts of the particular case the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record."

■ The issue in this case is thus whether the City met its burden of showing that "the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record."

According to petitioner, the public interest to be served by disclosure of the telephone numbers is as follows: "On several occasions, Burbank City Council members and high-level staffers have denied contact with specific individuals who are alleged to wield considerable influence in the conduct of City business. The requested telephone records will provide significant confirmation—or evidence contrary—to those claims. In either scenario, the public has a right to know whether certain individuals or interests are influencing their elected officials." In other words, petitioner's interest is not in how city council members and other City officials are spending the City's money, but rather whether their decisions are unduly influenced by particular individuals or interest groups.[6]

According to the City, two strong public interests are served by *not* making the records public: (1) the "deliberative process privilege" discussed in *Times Mirror Co., supra*; and (2) the privacy interests of both the city council members and the third parties whose telephone numbers would be disclosed.

*Deliberative Process Privilege*

In *Times Mirror Co.*, the Los Angeles Times filed a lawsuit under the Act for injunctive and declaratory relief to obtain copies of Governor George Deukmejian's appointment calendars and schedules for the preceding five-year period. The State of California opposed the request, citing the "delib-

---

[6]In the complaint, petitioner alleges the records are necessary to establish whether public funds are being spent to reimburse city council members for private phone calls. However, in a declaration before respondent court, he expressly disclaimed any such purpose. Nevertheless, in his petition, he again raises this issue of government waste. In view of his express disclaimer in respondent court, petitioner has waived his right to seek appellate review of this issue.

erative process privilege" (known as the "executive privilege" in federal cases construing the Freedom of Information Act (FOIA), 5 U.S.C. § 552).[7] ■ The deliberative process privilege protects materials reflecting deliberative or decisionmaking processes. (*EPA* v. *Mink* (1973) 410 U.S. 73 [35 L.Ed.2d 119, 93 S.Ct. 827].) "The key question in every case is 'whether the disclosure of materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.' " (*Times Mirror Co.* v. *Superior Court, supra,* 53 Cal.3d at p. 1342, citing *Dudman Communications* v. *Dept. of Air Force* (D.C. Cir. 1987) 815 F.2d 1565, 1568 [259 App.D.C. 364].) This is akin to the common law privilege protecting the "mental processes" of legislators. (*Times Mirror Co.* v. *Superior Court, supra,* at pp. 1339-1340, fn. 10.)[8]

The deliberative process privilege is designed to protect materials reflecting deliberative or policymaking processes, and not "purely factual, investigative matters." (*EPA* v. *Mink, supra,* 410 U.S. at p. 89 [35 L.Ed.2d at p. 133].) Often, however, the line blurs and the privilege is invoked to protect purely factual material which *exposes* the deliberative process. (*Mead Data Cent., Inc.* v. *U.S. Dept. of Air Force* (D.C.Cir. 1977) 566 F.2d 242, 256 [184 App.D.C. 350].) In *Times Mirror Co.,* although the information sought by the Los Angeles Times was purely factual (schedules and appointment calendars), the Supreme Court held that releasing the material would compromise the deliberative process: "Disclosing the identity of persons with whom the Governor has met and consulted is the functional equivalent of revealing the substance or direction of the Governor's judgment and mental processes; such information would indicate which interests or individuals he deemed to be of significance with respect to critical issues of the moment. The intrusion into the deliberative process is patent." (*Times Mirror Co.* v. *Superior Court, supra,* 53 Cal.3d at p. 1343.) The Supreme Court further stated: "If the law required disclosure of a private meeting between the Governor and a politically unpopular or controversial group, that meeting might never occur. Compelled disclosure could thus devalue or eliminate altogether a particular viewpoint from the Governor's consideration. Even routine meetings between the Governor and other lawmakers, lobbyists or citizens' groups might be inhibited if the meetings were regularly revealed to the public and the participants routinely subjected to probing questions and scrutiny by the press. [¶] In sum, while the raw material in the Governor's appointment

---

[7]The Act is modeled on the FOIA and receives a parallel construction. (*American Civil Liberties Union* v. *Deukmejian* (1982) 32 Cal.3d 440, 447 [186 Cal.Rptr. 235, 651 P.2d 822].)

[8]City council members have both executive and legislative functions. The deliberative process privilege encompasses both the executive privilege and the mental processes privilege of legislators.

calendars and schedules is factual, its essence is deliberative. Accordingly, we are persuaded that the public interest in withholding disclosure of the Governor's appointment calendars and schedules is considerable." (*Times Mirror Co.* v. *Superior Court, supra,* 53 Cal.3d at p. 1344.)

The Supreme Court went on to hold that the public interest in nondisclosure clearly outweighed the public interest in disclosure. (§ 6255.) In response to the Los Angeles Times's argument that the public was "entitled to know how [the Governor] performs his duties, including the identity of persons with whom he meets in the performance of his duties as Governor" (*Times Mirror Co.* v. *Superior Court, supra,* 53 Cal.3d at p. 1344), the Supreme Court responded that the argument "lacked pragmatism." (*Id.* at p. 1345.) "The deliberative process privilege is grounded in the unromantic reality of politics; it rests on the understanding that if the public and the Governor were entitled to precisely the same information, neither would likely receive it." (*Ibid.*) Knowing the fact that the meeting occurred could be made public, either the Governor would refrain from meeting with persons of certain political persuasions, or those people would not meet with the Governor. (*Id.* at p. 1344.)

Finally, the Supreme Court stated that ". . . whatever merit disclosure might otherwise warrant in principle is simply crushed under the massive weight of the [Los Angeles] Times's request" for five years of the Governor's calendars and schedules. (53 Cal.3d at p. 1345.) This is not to say that disclosure might not be warranted under other circumstances: "There may be cases where the public interest in certain specific information contained in one or more of the Governor's calendars is more compelling, the specific request more focused, and the extent of the requested disclosure more limited; then, the court might properly conclude that the public interest in nondisclosure does *not* clearly outweigh the public interest in disclosure, whatever the incidental impact on the deliberative process." (*Times Mirror Co.* v. *Superior Court, supra,* 53 Cal.3d at pp. 1345-1346, italics in original.)

 We agree with respondent court that this case is indistinguishable from *Times Mirror Co.* and the telephone numbers are exempt from disclosure under the deliberative process privilege. Disclosing the telephone numbers of persons with whom a city council member has spoken discloses the identity of such persons and is "the functional equivalent of revealing the substance or direction" of the judgment and mental processes of the city council member. (*Times Mirror Co.* v. *Superior Court, supra,* 53 Cal.3d at p. 1343.) There is no meaningful distinction between the appointment calendars and schedules of the Governor and the telephone bills of a city council member. In both cases, disclosure of the records sought will disclose the

identity of persons with whom the government official has consulted, thereby disclosing the official's mental processes. In both cases, routine public disclosure of such records would interfere with the flow of information to the government official and intrude on the deliberative process.

Petitioner contends *Times Mirror Co.* is not applicable to the facts of this case. He asserts that the Supreme Court concluded the information in the Governor's calendars and schedules was "predecisional" and based its holding on this conclusion. He argues there is no showing the telephone conversations involved in this case were predecisional. This contention distorts the holding of *Times Mirror Co.* In *Times Mirror Co.*, the Supreme Court expressly stated that past events could be privileged and the federal FOIA cases enforcing its "predecisional" requirement were not controlling. (*Times Mirror Co.* v. *Superior Court, supra,* 53 Cal.3d at p. 1344, fn. 13.) Moreover, the Governor made no showing in *Times Mirror Co.* that all of the appointments were predecisional. In *Times Mirror Co.*, the Supreme Court concluded that the focus of the privilege was whether the public interest in nondisclosure clearly outweighed the public interest in disclosure. In the case of five years of the Governor's calendars and schedules, the Supreme Court answered this question in the affirmative.

██ Petitioner also contends that *Times Mirror Co.* was expressly confined to its facts. Petitioner relies on the Supreme Court's concluding paragraph stating that the privilege for the Governor's calendars and schedules was not absolute. The Supreme Court indicated that the public interest in disclosure might be weighed more heavily where certain specific information contained in a limited number of records is sought in a focused and limited request. Such is not the case under the facts presented here.

Petitioner requested the wholesale production of all City-reimbursed telephone records of all city council members over a one-year period. We do not believe the one-year period involved in this case is conceptually different from the five-year period involved in *Times Mirror Co.* Were we to conclude otherwise would permit petitioner to make sequential annual requests. It is the nonspecific and unfocused nature of the request which is dispositive, not its time period.

██ Petitioner argues that he offered to disclose to respondent court the focus of his request so that respondent court could intelligently review the telephone records in camera. Respondent court properly refused to accept such an ex parte disclosure. Petitioner's suggested procedure would necessitate court review of all similar requests for public records and defeat the purpose of the Act, which is to foster prompt disclosure by the affected

**agency.** Petitioner should have presented a specific and focused request to the City, with which it then would have an opportunity to comply. It makes no sense to permit an individual to make a general, unfocused request for records to the public agency which will then be compelled to deny it, thereby ensuring litigation. The request to the agency must itself be focused and specific.[9]

Petitioner further contends that *Times Mirror Co.* does not apply to the facts of this case, because we are concerned here with five city council members and not the single Governor of the state. As noted previously, the deliberative process privilege is akin to the executive privilege on the one hand and the legislative mental processes privilege on the other. The legislative privilege necessarily involves large numbers of legislators. Accordingly, we do not find this distinction to be significant.

 Finally, petitioner contends that disclosure placed no additional burden on the City, since the City had already disclosed the records requested albeit with redacted telephone numbers. It is, however, not the burden on the City to produce the requested records which is dispositive in this case, but rather the effect of the disclosure on the deliberative process.[10]

Since we have concluded respondent court properly refused to order disclosure of the telephone numbers under the deliberative process privilege, we need not decide the applicability of other exemptions, such as (1) the constitutional right to privacy; (2) section 6254, subdivision (c); and (3) section 6254, subdivision (k), incorporating Evidence Code section 1040, subdivision (a).

*Failure to Award Petitioner His Costs and Attorney Fees*

 Respondent court denied petitioner's request for costs and attorney fees. In so doing, it impliedly determined that petitioner did not prevail in the litigation. Petitioner contends that he did prevail because certain records were not turned over by the City until after his lawsuit was filed.

Petitioner made numerous written and unwritten requests for disclosure of public records during the period between December 1991 and June 1992. In

---

[9]We recognize petitioner's proprietary interest in his news story. However, such an interest does not obviate the need for a specific, focused request for public records directed to the public agency.

[10]As noted previously, petitioner has failed to preserve for appellate review the issue of whether disclosure is warranted to discover any misuse of public funds. Accordingly, we do not reach this issue. We note that several other jurisdictions have addressed this issue with differing results. (*Dortch* v. *Atlanta Journal* (1991) 261 Ga. 350 [405 S.E.2d 43]; *North Jersey Newspapers* v. *Passaic County* (1992) 127 N.J. 9 [601 A.2d 693]; *Att. Gen.* v. *Asst. Com'r of Real Property* (1980) 380 Mass. 623 [404 N.E.2d 1254].)

response, the City produced 750 pages of documents. Prior to filing his lawsuit, petitioner claimed the production of records was deficient in two respects. First, the City had redacted the telephone numbers from the records. We have concluded the telephone numbers were exempt from disclosure and, therefore, properly redacted. Second, the City had not provided the documentation for the 1990 Las Vegas convention.

Petitioner requested the documentation for the 1990 convention informally on March 24, 1992, and March 30, 1992, and formally on April 12, 1992, and May 21, 1992. Documentation concerning the 1989 and 1991 Las Vegas conventions had been produced on March 20, 1992.[11] Much of the documentation concerning the 1990 convention was produced on April 7, 1992, and May 11, 1992. Some of the convention documentation was not available in City records, but had to be obtained from the Las Vegas hotel. This information was sought from the hotel in April of 1992.

On June 1, 1992, the City notified petitioner that it would need until June 8, 1992, to produce the voluminous documents requested. On June 8, 1992, petitioner was notified the documents were available. On June 9, 1992, petitioner discovered the documents produced did not include the 1990 convention documents. He filed the instant lawsuit on June 26, 1992, and served the complaint on June 29, 1992, and June 30, 1992. On July 1, 1992, the City produced the 1990 convention documentation. In a letter received by petitioner on July 1, 1992, the City indicated it had recently discovered additional 1990 convention records in the community development department pursuant to a search instituted several weeks earlier. Previously, only the records in the city manager's office and the management services department had been searched, since the records requests had been directed to those departments.

Section 6259, subdivision (d), provides in pertinent part: "The court shall award court costs and reasonable attorney fees to the plaintiff should the plaintiff prevail in litigation filed pursuant to this section." A plaintiff prevails in litigation under the Act if the action "results in defendant releasing a copy of a previously withheld document." (*Belth* v. *Garamendi* (1991) 232 Cal.App.3d 896, 898 [283 Cal.Rptr. 829].) An action under the Act results in the release of previously withheld documents if the lawsuit motivated the defendants to produce the documents. (*Id.* at pp. 901-902.)

In this case, respondent court denied petitioner's request for costs and attorney fees. In so doing, respondent court impliedly found that petitioner was not the prevailing party. This finding is supported by substantial evidence. In the light most favorable to the finding, the evidence established the

---

[11] Apparently, documentation for the 1988 and 1992 conventions was also produced.

following. The City never denied the request for the 1990 convention documents. It readily produced most of the 1990 documents and all requested convention documents for other years. It sought other 1990 convention documents from the hotel in Las Vegas and continued to search for 1990 documents in other departments. The documents were found as a result of a search instituted prior to the filing of the complaint and were not disclosed in response to the filing of the lawsuit. The timing of the disclosure received by petitioner one day after service of the complaint supports this inference. Although there may have been conflicting evidence and inferences available, respondent court could properly find that the 1990 convention documents were not disclosed in response to the lawsuit. Accordingly, petitioner was not the prevailing party.

*Timeliness*

 Petitioner contends respondent court erred in determining that the City had complied in a reasonably timely fashion with petitioner's request for the 1990 convention records.

Section 6256 provides that an agency to whom a request for a copy of records has been made must within 10 days of receipt of the request determine whether it will comply with the request and so notify the requesting party. Under section 6256.1, in unusual circumstances, the agency may give written notice to the requesting party of an extension not to exceed 10 additional working days. Unusual circumstances include a request for a voluminous number of documents. (*Ibid.*) An agency may not "delay access for purposes of inspecting public records." (§ 6256.2.) The Act provides no remedy for failure to timely comply with a request for records.

Respondent court concluded that the issue of timeliness was moot, since the City had disclosed all documents it had been required to produce. Respondent court also concluded that the City had produced the records requested in a reasonably timely manner. This latter finding is supported by substantial evidence. As noted previously, most of the 1990 convention records were produced in April and May of 1992, others were not in the City's possession, and still others could not be found. The records were promptly disclosed when they were available.

*Award of Costs to the City*

 Respondent court awarded costs to the City in an amount to be determined later. Petitioner contends respondent court abused its discretion in so doing. We agree.

Section 6259, subdivision (d) provides in pertinent part: "If the court finds that the plaintiff's case is clearly frivolous, it shall award court costs and reasonable attorney fees to the public agency." Under Code of Civil Procedure section 1032, "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."

Although the City might ordinarily be entitled to its costs as the party prevailing in the lawsuit under Code of Civil Procedure section 1032, the Legislature has provided otherwise in cases brought pursuant to the Act. In cases brought pursuant to the Act, the Legislature has expressly limited an award of costs to the public agency to those actions in which the plaintiff's case is clearly frivolous. As such, the specific provisions of the Act must prevail over the more general provision of the Code of Civil Procedure. (*In re Michael G.* (1988) 44 Cal.3d 283, 293 [243 Cal.Rptr. 224, 747 P.2d 1152]; *County of Fresno* v. *Clovis Unified School Dist.* (1988) 204 Cal.App.3d 417, 429-430, fn. 2 [251 Cal.Rptr. 170].)

In this case, respondent court did not find that petitioner's case was clearly frivolous. Nor could respondent court have properly so found. Although we have found petitioner's case to be unmeritorious, it is certainly not frivolous. Accordingly, respondent court erred in awarding costs to the City.

### DISPOSITION

The petition is granted in part and respondent court is ordered to vacate that portion of its February 17, 1993, judgment awarding costs to the City. In all other respects, the petition is denied. The parties shall bear their own costs in this writ proceeding.

Armstrong, J., and Godoy Perez, J., concurred.