BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE SHEILA JAMES KUEHL, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:
Are interim grading documents, including geology reports, compaction reports, and soils reports, submitted by a property owner to a city's building department in conjunction with an application for a building permit subject to public inspection and copying under the California Public Records Act at the time the documents are first received by the building department?
 CONCLUSION
Interim grading documents, including geology reports, compaction reports, and soils reports, submitted by a property owner to a city's building department in conjunction with an application for a building permit are subject to public inspection and copying under the California Public Records Act at the time the documents are first received by the building department.
 ANALYSIS
We are informed that a city commonly requires property owners in hillside areas to submit interim grading documents, including geology reports, compaction reports, and soils reports, when applying for building permits from the city's building department. These reports are prepared by civil engineers and are reviewed by the building department's professional staff in determining whether to issue the permits requested. These reports are preliminary in nature in the sense that they do not become "final" until approved by the city's staff. (See Bus. Prof. Code, § 6735.) Grading and construction activity may proceed only on the basis of final, approved documents.
The question presented for resolution is whether these interim grading documents are subject to inspection and copying by members of the public at the time the documents are first submitted to the city's building department. We conclude that the documents must be made available for inspection and copying from the time they first come into the custody of the building department.
The California Public Records Act (Gov. Code, §§ 6250-6276.48; "Act")[1] generally requires state and local agencies, including cities,[2] to allow members of the public to inspect records in their custody and obtain copies thereof (§§6250, 6252, 6253). The Act "was passed for the explicit purpose of `increasing freedom of information' by giving the public `access to information in possession of public agencies' [Citation]. Maximum disclosure of the conduct of governmental operations was to be promoted by the Act. [Citation.]" (CBS,Inc. v. Block (1986) 42 Cal.3d 646, 651; see also Roberts v.City of Palmdale (1993) 5 Cal.4th 363, 370; Marylander v.Superior Court (2000) 81 Cal.App.4th 1119, 1125.)
"Public records" are defined to include "any writing containing information relating to the conduct of the public's business prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics." (§ 6252, subd. (e).) A "writing" is further defined to include "any handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing any form of communication or representation. . . ." (§ 6252, subd. (g).)
The Act specifies that "[p]ublic records are open to inspection at all times during the office hours of the state or local agency and every person has a right to inspect any public record, except as hereafter provided. . . ." (§ 6253, subd. (a).) Of particular relevance to our discussion here are the requirements of section6253, subdivision (b):
 "Except with respect to public records exempt from disclosure by express provisions of law, each state or local agency, upon a request for a copy of records that reasonably describes an identifiable record or records, shall make the records promptly available to any person upon payment of fees covering direct costs of duplication, or a statutory fee if applicable. Upon request, an exact copy shall be provided unless impracticable to do so."
Thus, when a request is made for a copy of any identifiable public record, a state or local agency must promptly provide an exact copy, unless impracticable to do so, upon payment of a fee that covers the direct cost of duplication or a statutory fee if applicable. In short, "all public records are subject to disclosure unless the Legislature has expressly provided to the contrary." (Williams v. Superior Court (1993) 5 Cal.4th 337,346; 86 Ops.Cal.Atty.Gen. 132, 133 (2003).)
The grading documents in question, although prepared and submitted by private property owners, are reviewed by the city in determining whether a building permit should be issued. They are writings that (1) relate to the conduct of the public's business and (2) are "used" by the city's building department. (SeeCoronado Police Officers Assn. v. Carroll (2003)106 Cal.App.4th 1001, 1006-1007.) As such, unless some exemption applies, they must be made promptly available for inspection and copying by members of the public. (See 88 Ops.Cal.Atty.Gen.153 (2005) [parcel boundary map data maintained in an electronic format by a county assessor subject to public inspection and copying under the Act]; 86 Ops.Cal.Atty.Gen. 132, supra
[arrested person's mug shot is a writing and a public record subject to inspection and copying]; 78 Ops.Cal.Atty.Gen. 104 (1995) [names, addresses, and telephone numbers of persons who have filed noise complaints concerning operation of a city airport are subject to disclosure under the Act unless exception applies].)
For reasons of privacy, safety, and efficient governmental operations, the Legislature has provided for exemptions from disclosure in limited situations. (Haynie v. Superior Court
(2001) 26 Cal.4th 1061, 1064.) These statutory exemptions are to be construed narrowly (City of Hemet v. Superior Court (1995)37 Cal.App.4th 1411, 1425; San Gabriel Tribune v. SuperiorCourt (1983) 143 Cal.App.3d 762, 773; see Cal. Const., art. I, §3, subd. (b)(2); 88 Ops.Cal.Atty.Gen., supra, at pp. 157-159), and the burden is on the public agency to show that the records are exempt from disclosure (Rogers v. Superior Court (1993)19 Cal.App.4th 469, 476).
Section 6254 is the primary exemption statute, specifying a diverse assortment of categories of public records that a state or local agency may in its discretion keep confidential. (§ 6254, subds. (a)-(cc).) Other special exemptions exist. (See, e.g., §§6254.1, 6254.3, 6254.4, 6454.20, 6254.22, 6254.25.) Finally, the Act contains a "catchall" exemption that permits a public agency to withhold a requested public record when "on the facts of the particular case the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure of the record." (§ 6255, subd. (a); see, e.g., 84 Ops.Cal.Atty.Gen. 55, 56-60 (2001); 81 Ops.Cal.Atty.Gen. 383, 386-388 (1998).)
Only a few of these statutory exemptions merit discussion here. Subdivision (a) of section 6254 provides an exemption for "[p]reliminary drafts, notes, or interagency or intra-agency memoranda that are not retained by the public agency in the ordinary course of business, provided that the public interest in withholding those records clearly outweighs the public interest in disclosure." We reject the application of this exemption to interim grading documents for several reasons. First, these documents are retained "in the ordinary course of business," as they are carefully reviewed by the department's professional staff and remain on file until the approval process is completed. Indeed, we are informed that these reports are retained by the department for a five-year period. Second, this exemption is inapplicable to factual materials that are prepared by private parties. Instead, this exemption is intended to protectdeliberative writings prepared by a public agency. (SeeCitizens for A Better Environment v. Department of Food Agriculture (1985) 171 Cal.App.3d 704, 713.) Finally, as discussed below, the public interest in withholding these documents would not clearly outweigh the public interest in disclosure. (See id. at pp. 714-716.)[3]
Subdivision (k) of section 6254 allows exemption from disclosure for "[r]ecords, the disclosure of which is exempted or prohibited pursuant to federal or state law, including, but not limited to, provisions of the Evidence Code relating to privilege." Records or information not required to be disclosed pursuant to this exemption include, but are not limited to, records or information identified in the statutes listed in sections 6276.02 through 6276.48. (§ 6276.) If certain information in the interim grading documents were subject to the protection of one of the specified statutes, the documents would be subject to review to determine whether some portion of them should be withheld. However, we have not been informed of the presence of any such information in these documents.
Another exemption that may at first appear applicable is found in section 6254, subdivision (e), which exempts "[g]eological and geophysical data, plant production data, and similar information relating to utility systems development, or market or crop reports, that are obtained in confidence from any person." Here, however, even if this exemption were otherwise applicable,[4] the reports in question are not "obtained in confidence." (See Uribe v. Howie (1971) 19 Cal.App.3d 194,211-212; National Resources Def. v. U.S. Dept. of Defense (C.D. Cal. 2005) 388 F.Supp.2d 1086, 1107-1108.) Rather, their importance as public records is demonstrated by the statutory scheme relating to the sale of subdivided lands. Business and Professions Code section 11010 states:
 "(a) Except as otherwise provided pursuant to subdivision (c) or elsewhere in this chapter [concerning subdivided lands], any person who intends to offer subdivided lands within this state for sale or lease shall file with the Department of Real Estate an application for a public report consisting of a notice of intention and a completed questionnaire on a form prepared by the department.
 "(b) The notice of intention shall contain the following information about the subdivided lands and the proposed offering:
". . . . . . . . . . . . . . . . . . . . . . . . . .
 "(14) A true statement, if applicable, referencing any soils or geologic report or soils and geologic reports that have been prepared specifically for the subdivision.
". . . . . . . . . . . . . . . . . . . . . . . . . ."
This statutorily mandated inclusion referencing the reports at issue serves to promote timely public access in considering whether a proposed building project may impact surrounding properties.[5]
No other statutory exemption warrants analysis.[6] We thus conclude that interim grading documents, including geology reports, compaction reports, and soils reports, submitted by a property owner to a city's building department in conjunction with an application for a building permit are subject to public inspection and copying under the Act at the time the documents are first received by the building department.
[1] All references hereafter to the Government Code are by section number only.
[2] A city is a "local agency" by definition under section6252, subdivision (b).
[3] For the same reason, the importance of public disclosure of interim grading documents would render inapplicable the "catchall" exemption of section 6255.
[4] We need not define the term "utility systems development" for purposes of this opinion or decide whether the phrase "relating to utility systems development" modifies the phrase "[g]eological and geophysical data."
[5] We note that the Act "does not allow limitations on access to a public record based upon the purposes for which the record is being requested, if the record is otherwise subject to disclosure." (§ 6257.5; see Fairley v. Superior Court (1998)66 Cal.App.4th 1414, 1417-1418; Wilder v. Superior Court (1998)66 Cal.App.4th 77, 82-83.)
[6] A special exemption exists for corporate proprietary information, including trade secrets. (§ 6254.15.) We have not been informed that such information would be contained in interim grading documents.