BILL LOCKYER Attorney General DANIEL G. STONE Deputy Attorney General
THE HONORABLE STEVE COOLEY, DISTRICT ATTORNEY, COUNTY OF LOS ANGELES, has requested an opinion on the following question:
In response to a public records request, may a prosecutor produce records from a computerized data base that disclose: (1) whether a recently charged or soon-to-be charged defendant is currently on probation or parole, and details of his or her prior offenses; (2) an individual's criminal history in the county, including all arrests and case dispositions; (3) the disposition of matters referred to the district attorney for filing of criminal charges; (4) criminal histories associated with a requested list of cases in which a specified witness has testified; and (5) numerous criminal histories associated with a request for the names and identities of all defendants charged with a specific kind of crime over a period of years?
 CONCLUSION
In response to a public records request, a prosecutor may not produce records from a computerized data base that disclose: (1) whether a recently charged or soon-to-be charged defendant is currently on probation or parole, and details of his or her prior offenses; (2) an individual's criminal history in the county, including all arrests and case dispositions; (3) the disposition of matters referred to the district attorney for filing of criminal charges; (4) criminal histories associated with a requested list of cases in which a specified witness has testified; or (5) numerous criminal histories associated with a request for the names and identities of all defendants charged with a specific kind of crime over a period of years. With respect to category (3) and in rare circumstances category (1), however, a prosecutor is required to make public certain limited current information derived from records in the prosecutor's investigatory files.
 ANALYSIS
The question presented for resolution concerns a number of situations in which the purposes of two different statutory schemes are in apparent conflict. How are these statutory provisions to be applied in light of their different legislative goals?
The purpose of the Public Records Act (Gov. Code, §§6250-6276.48; "Act")[1] is to facilitate the people's right to monitor their government's activities, under the principle that "access to information concerning the conduct of the public's business is a fundamental and necessary right of every person in this state." (§ 6250; see Cal. Const., art. I, § 3, subd. (b); Times Mirror Co. v. Superior Court (1991)53 Cal.3d 1325, 1338-1339; CBS, Inc. v. Block (1986) 42 Cal.3d 646,651-655; Marylander v. Superior Court (2000)81 Cal.App.4th 1119, 1125; 73 Ops.Cal.Atty.Gen. 236, 237 (1990).)
The purpose of Penal Code sections 13300-13305, on the other hand, is to avoid unwarranted public intrusion into matters personal and sensitive in nature, thereby protecting and promoting the right of privacy guaranteed in the California Constitution (Cal. Const., art. I, § 1; see Westbrook v. Countyof Los Angeles (1994) 27 Cal.App.4th 157, 1641-66; HousingAuthority of the County of Sacramento v. Van de Kamp (1990)223 Cal.App.3d 109, 116; Craig v. Municipal Court (1979)100 Cal.App.3d 69, 76-77; see also Cal. Const., art. I, § 3, subd. (b)(3) [people's right of access to governmental meetings and records does not supersede or modify constitutional right of privacy or affect construction of statutes protecting right to privacy]; Loder v. Municipal Court (1976) 17 Cal.3d 859,869-875 [concerns about potential misuse of criminal records allayed by comprehensive statutory schemes restricting access thereto].)
Before addressing each facet of the question individually, we note the general requirements of the two statutory schemes. Under the Act, most records of state and local public agencies are subject to public disclosure. (§ 6253, subd. (a);86 Ops.Cal.Atty.Gen. 132, 133 (2003).) While the Act contains several exemptions that allow certain records to be kept confidential (see, e.g., §§ 6254.1, 6254.3, 6254.4, 6254.20, 6254.22, 6254.25), these exceptions are narrowly construed (Cal. Const., art. I, § 3, subd. (b)(2); City of Hemet v. SuperiorCourt (1995) 37 Cal.App.4th 1411, 1425; Rogers v. SuperiorCourt (1993) 19 Cal.App.4th 469, 476; 88 Ops.Cal.Atty.Gen. 153,157-158 (2005); 79 Ops.Cal.Atty.Gen. 269, 271 (1996)).[2]
More importantly for our purposes, some of these exemptions require, as an alternative, the disclosure of certain information contained in the exempt records. The provision of the Act with which we are concerned, subdivision (f) of section 6254, is such a statute. In relevant part, it provides an exemption for:
 "Records of complaints to, or investigations conducted by, or records of intelligence information or security procedures of, the office of the Attorney General and the Department of Justice, and any state or local police agency, or any investigatory or security files compiled by any other state or local police agency, or any investigatory or security files compiled by any other state or local agency for correctional, law enforcement, or licensing purposes, except that state and local law enforcement agencies shall disclose the names and addresses of persons involved in, or witnesses other than confidential informants to, the incident, the description of any property involved, the date, time, and location of the incident, all diagrams, statements of the parties involved in the incident, the statements of all witnesses, other than confidential informants, to the victims of an incident, or an authorized representative thereof, an insurance carrier against which a claim has been or might be made, and any person suffering bodily injury or property damage or loss, as the result of the incident caused by arson, burglary, fire, explosion, larceny, robbery, carjacking, vandalism, vehicle theft, or a crime as defined by subdivision (b) of Section 13951, unless the disclosure would endanger the safety of a witness or other person involved in the investigation, or unless disclosure would endanger the successful completion of the investigation or a related investigation. However, nothing in this division shall require the disclosure of that portion of those investigative files that reflect the analysis or conclusions of the investigating officer.
 "Notwithstanding any other provision of this subdivision, state and local law enforcement agencies shall make public the following information, except to the extent that disclosure of a particular item of information would endanger the safety of a person involved in an investigation or would endanger the successful completion of the investigation or a related investigation:
 "(1) The full name and occupation of every individual arrested by the agency, the individual's physical description including date of birth, color of eyes and hair, sex, height and weight, the time and date of arrest, the time and date of booking, the location of the arrest, the factual circumstances surrounding the arrest, the amount of bail set, the time and manner of release or the location where the individual is currently being held, and all charges the individual is being held upon, including any outstanding warrants from other jurisdictions and parole or probation holds.
 "(2) Subject to the restrictions imposed by Section 841.5 of the Penal Code, the time, substance, and location of all complaints or requests for assistance received by the agency and the time and nature of the response thereto, including, to the extent the information regarding crimes alleged or committed or any other incident investigated is recorded, the time, date, and location of occurrence, the time and date of the report, the name and age of the victim, the factual circumstances surrounding the crime or incident, and a general description of any injuries, property, or weapons involved. . . .
 "(3) Subject to the restrictions of Section 841.5 of the Penal Code and this subdivision, the current address of every individual arrested by the agency and the current address of the victim of a crime, where the requester declares under penalty of perjury that the request is made for a scholarly, journalistic, political, or governmental purpose, or that the request is made for investigation purposes by a licensed private investigator. . . ."
Accordingly, subdivision (f) of section 6254 specifically exempts law enforcement "investigatory or security files" from disclosure, while requiring local law enforcement agencies to "make public" certain information derived from those exempt records pertaining to arrests made and complaints or requests for assistance received. (See Haynie v. Superior Court, supra,26 Cal.4th at pp. 1068, 1071-1072; Williams v. Superior Court
(1993) 5 Cal.4th 337, 353-354, 360-361; County of Los Angeles v.Superior Court (1993) 18 Cal.App.4th 588, 595, 600-601;86 Ops.Cal.Atty.Gen., supra, at p. 135.)
In contrast, Penal Code sections 13300-13305 prohibit the disclosure of "local summary criminal history information" except to certain specified persons and entities. (See CBSBroadcasting, Inc. v. Superior Court (2001) 91 Cal.App.4th 892;Westbrook v. County of Los Angeles, supra, 27 Cal.App.4th 157;Craig v. Municipal Court, supra, 100 Cal.App.3d at 76;65 Ops.Cal.Atty.Gen. supra, at p. 567.)[3] In relevant part, Penal Code section 13300 provides:
 "(a) As used in this section:
 "(1) `Local summary criminal history information' means the master record of information compiled by any local criminal justice agency pursuant to Chapter 2 (commencing with Section 13100) of Title 3 of Part 4 pertaining to the identification and criminal history of any person, such as name, date of birth, physical description, dates of arrests, arresting agencies and booking numbers, charges, dispositions, and similar data about the person.
 "(2) `Local summary criminal history information' does not refer to records and data compiled by criminal justice agencies other than that local agency, nor does it refer to records of complaints to or investigations conducted by, or records of intelligence information or security procedures of, the local agency.
 ". . . . . . . . . . . . . . . . . . . . . . . .
 "(b) A local agency shall furnish local summary criminal history information to any of the following, when needed in the course of their duties . . .:
 "(1) The courts of the state.
 ". . . . . . . . . . . . . . . . . . . . . . . .
 "(c) The local agency may furnish local summary criminal history information, upon a showing of a compelling need, to any of the following . . .:
 "(1) Any public utility. . . .
 ". . . . . . . . . . . . . . . . . . . . . . . .
Penal Code section 13302 is the primary enforcement statute of this legislative scheme:
 "Any employee of the local criminal justice agency who knowingly furnishes a record or information obtained from a record to a person who is not authorized by law to receive the record or information is guilty of a misdemeanor."
Penal Code section 13305 provides exceptions to the statutory scheme's prohibitions as follows:
 "(a) It is not a violation of this article to disseminate statistical or research information obtained from a record, provided that the identity of the subject of the record is not disclosed.
 "(b) It is not a violation of this article to disseminate information obtained from a record for the purposes of assisting in the apprehension of a person wanted in connection with the commission of a crime.
 "(c) It is not a violation of this article to include information obtained from a record in (1) a transcript or record of a judicial or administrative proceeding or (2) any other public record when the inclusion of the information in the public record is authorized by a court, statute, or decisional law."
Hence, Penal Code sections 13300-13305 prohibit the public disclosure of local summary criminal history, also know as "rap sheets" (see e.g., CBS, Inc. v. Block, supra,42 Cal.3d at pp. 658-659; CBS Broadcasting, Inc. v. Superior Court, supra,91 Cal.App.4th at p. 908; Central Valley Chapter of the 7th StepFoundation, Inc. v. Younger (1989) 214 Cal.App.3d 145, 152;62 Ops.Cal.Atty.Gen. 595, 597 (1979)), except in limited circumstances. In Westbrook v. County of Los Angeles, supra,27 Cal.App.4th 157, the court observed: "The language of Penal Code section 13300 et seq., demonstrates that the Legislature intended nondisclosure of criminal offender record information to be the general rule. [Citations.]" (Id. at p. 164; see67 Ops.Cal.Atty.Gen. 431, 437 (1984) ["[s]uch information can be disseminated only to those agencies as are authorized access thereto by statute . . ."].) The Westbrook court additionally declared:
 "The state constitutional right of privacy extends to protect defendants from unauthorized disclosure of criminal history records. [Citation.] These records are compiled without the consent of the subjects and disseminated without their knowledge. Therefore, appellants, as custodians of the records, have a duty to `resist attempts at unauthorized disclosure and the person who is the subject of the record is entitled to expect that his right will be thus asserted.' [Citation.]" (Id. at pp. 165-166.)
We are asked to consider how these two statutory schemes are to be applied when a district attorney's office receives requests for public records that contain criminal history information. The posited requests are directed at the status and history of a specific person, information pertaining to a particular set of defendants or a particular category of charges, specified kinds of prosecutorial action, and all cases in which an identified witness has testified.
In addressing the question presented, we apply well established principles of statutory construction. "When interpreting a statute our primary task is to determine the Legislature's intent. [Citation.]" (Freedom Newspapers, Inc. v. Orange CountyEmployees Retirement System (1993) 6 Cal.4th 821, 826.) "In determining intent, we look first to the language of the statute, giving effect to its `plain meaning.'" (Kimmel v. Goland
(1990) 51 Cal.3d 202, 208-209.) "Of course, we interpret a statute in context, examining other legislation on the same subject, to determine the Legislature's probable intent. [Citations.]" (California Teachers Association v. Governing Bd.of Rialto Unified School Dist. (1997) 14 Cal.4th 627, 642.)
Moreover, both the Act and Penal Code sections 13300-13305 must be viewed in light of the voters' approval of Proposition 59 in 2004. This proposition added subdivision (b) to section 3 of article I of the Constitution, which requires that statutes be "narrowly construed" if they limit "the right of access" to information concerning the conduct of the people's business. (See89 Ops.Cal.Atty.Gen. 110, 115 (2006).) Here, the statutory prohibitions on disclosing rap sheet information (Pen. Code, §§13300-13305) were first enacted in 1975 (see Stats. 1975, ch. 1222, § 6), and the "investigatory files" exemption contained in subdivision (f) of section 6254 was first enacted in 1968 (Stats. 1968, ch. 1473, § 39). Thus, each of these exemptions is a pre-existing "statutory exception to the right of access to public records" within the meaning of subdivision (b)(5) of section 3 of article I of the Constitution, which states:
 "This subdivision does not repeal or nullify, expressly or by implication, any constitutional or statutory exception to the right of access to public records or meetings of public bodies that is in effect on the effective date of this subdivision, including, but not limited to, any statute protecting the confidentiality of law enforcement and prosecution records."
Consequently, the disclosure prohibitions and exceptions at issue here remain in full force and effect notwithstanding the voters' recent adoption of Proposition 59. (See Shapiro v. Board ofDirectors (2002) 134 Cal.App.4th 170, 181, fn. 14;89 Ops.Cal.Atty.Gen., supra, at pp. 115-116;88 Ops.Cal.Atty.Gen. 16, 20-22 (2005); 87 Ops.Cal.Atty.Gen., supra, at pp. 186-188.)
We begin our analysis of the relationship between these two statutory schemes by observing that a district attorney's office is a "local agency" for purposes of, and is therefore subject to, both legislative schemes. (See § 6252, subd. (a); Pen. Code, §§13101, 13300, subd. (a)(3).) Also, any summary criminal histories compiled by a district attorney — i.e., records reflecting the "name, date of birth, physical description, dates of arrests, arresting agencies and booking numbers, charges, dispositions, and similar data" about any given person (Pen. Code, § 13300, subd. (a)(1)) — are "public records" for purposes of the Act, whether the information is maintained in traditional paper files or in an electronic format as part of a computer data base. (See §§ 6252, subds. (e), (g); 6253.9; Versaci v. Superior Court
(2005) 127 Cal.App.4th 805, 813 [Act's broad definition of public records is "intended to cover every conceivable kind of record that is involved in the governmental process"];88 Ops.Cal.Atty.Gen., supra, at pp. 153-157.)
However, there are marked differences between the legislative schemes. "Local summary criminal history information" is not, by definition, "records of complaints to or investigations conducted by, or records of intelligence information or security procedures of, the local agency." (Pen. Code, § 13300, subd. (a)(2).) Also, the Act's exemption for investigatory files does not bar their disclosure to the public, as Penal Code sections 13300-13305 do with respect to criminal history information. Rather, section 6254 provides that nothing in the Act "shall be construed to require disclosure of records" that are defined in subdivision (f). Hence, local agencies retain discretion to produce such records for inspection or copying in the absence of other restrictions. Of course, once discretion is exercised in favor of producing a given record, it must be provided to all who request it. (§ 6254.5; see, e.g., City of San Jose v. Superior Court
(1999) 74 Cal.App.4th 1008, 1018; Black Panther Party v. Kehoe
(1974) 42 Cal.App.3d 645, 657;86 Ops.Cal.Atty.Gen., supra, at p. 137.)
In general terms, subdivision (f) of section 6254 exempts investigatory and security files compiled by a state or local agency for correctional, law enforcement, or licensing purposes. In 65 Ops.Cal.Atty.Gen. 563, supra, we concluded that this exemption extends to "source records" used to prepare summary criminal history information:
 ". . . [A]rrest reports provide the information used to prepare summary criminal history records. (See Pen. Code, §§ 13150, 13125, 13102 11105.) Access to summary criminal history records is limited by Penal Code sections 11105 and 13300. Providing summary criminal history records or the information they contain to unauthorized persons is a misdemeanor under Penal Code sections 11141, 11142, 11143, 13302, 13303 and 13304. It would be anomalous indeed if the source records from which summary criminal histories are prepared were open to public inspection. We conclude that records of arrest as well as records of complaints are exempt from disclosure under section 6254(f). [Citation.]" (Id. at p. 567.)
A local agency's obligations under section 6254, subdivision (f), to "make public" certain information from exempt records is not the same as the general duty of disclosure imposed by the Act, under which an agency must, in response to every public records request received, make non-exempt records available to each requester. (See 86 Ops.Cal.Atty.Gen., supra, at pp. 135-136; 65 Ops.Cal.Atty.Gen., supra, at p. 568; cf. Gov. Code, § 6253; 88 Ops.Cal.Atty.Gen., supra, at pp. 154-156, 162-164.)[4] Furthermore, this obligation to make certain information public applies only to current information. An agency has no duty, under subdivision (f) of section 6254, to make public any historical information retained by the agency. (County of Los Angeles v. Superior Court, supra,18 Cal.App.4th at pp. 595, 600-601.)
This last distinction, respecting time frames, is particularly significant in considering the various elements of the question presented. The disclosure provisions of section 6254, subdivision (f), presuppose that law enforcement agencies maintain extensive current records concerning their present law enforcement activities — including complaints and requests received, investigations, arrests, charges, prosecutions, dispositions, and the like — and the Legislature has imposed upon the agencies a duty to "make public" some of the information contained in these exempt current investigatory files. But nothing in subdivision (f) of section 6254 requires that the records themselves be disclosed, and nothing suggests a duty to reveal information contained in historical compilations, such as summary criminal history information, or to make such historical records available for inspection.[5]
Even as to current criminal information that may otherwise be found in public records, local agencies may not make general or comprehensive compilations available to members of the public, whether or not the records are susceptible of "specialized indexing" or electronic search functions. In Craig v. MunicipalCourt, supra, 100 Cal.App.3d 69, the court made the following observation concerning unauthorized use of any "special method of locating court records":
 "Defendant concedes that he cannot, on his own, locate the records of those individuals who were convicted as a result of arrests by the officers in question. He does not even know if there are such persons. He needs the assistance of the specialized indexing which, he contends, exists within the record system of the California Highway Patrol. We are not certain that the California Highway Patrol has any greater ability than defendant to locate the court records. Even so, we hold that if the California Highway Patrol does have a special method of locating court records, those persons who are the subject of such records, have a legitimate interest in denying governmental assistance to unauthorized third persons in identifying and locating obscure court records of criminal convictions." (Id. at p. 79.)
Such disclosure of extensive data reflecting numerous criminal cases and dispositions, regardless of the source of the data, would have the potential of undermining the privacy protections of Penal Code sections 13300-13305, especially when that information is available in electronic format. In Westbrook v.County of Los Angeles, supra, 27 Cal.App.4th 157, the court considered a private company's request for monthly computerized compilations of extensive information from a municipal court's electronic records, including the names, ages, and zip codes of "all persons" charged with a crime in the county, as well as the case numbers, dates of offenses, charges filed, and dispositions. (Id. at p. 160.) In holding that such a disclosure would violate the terms of Penal Code section 13300, the court noted that access to criminal history information is barred unless specifically permitted by law, and that these restrictions apply even when the information sought is part of a court record. (Id. at pp 162-164.) The court concluded that to hold otherwise would be to nullify the privacy rights at issue because, if the requester (who was in the business of selling criminal background information) regularly obtained these monthly computer tapes from the municipal court, he would have in his possession "information from which he can, over the years, compile his own private data base of criminal offender record information." (Id. at p. 163.) The court added:
 "There is a qualitative difference between obtaining information from a specific docket or on a specified individual, and obtaining docket information on every person against whom criminal charges are pending in the municipal court. If the information were not compiled in MCI [the court's computerized information system], respondent would have no pecuniary motive (and presumably no interest) in obtaining it. It is the aggregate nature of the information which makes it valuable to respondent; it is that same quality which makes its dissemination constitutionally dangerous." (Id. at p. 165.)[6]
As the Westbrook court noted, at least some of the current information maintained by an agency at any given time concerning persons presently involved in the criminal justice system will also constitute the latest entries on their rap sheets, where the information will be retained indefinitely as a component of their summary criminal history information. With that fact in mind, we apply the legal principles described above to the situations presented for resolution, assuming that the persons or entities seeking the records are not authorized recipients of local summary criminal history information within the meaning of Penal Code sections 13300-13305.[7]
(1) "Whether a recently charged or soon-to-be chargeddefendant is on probation or parole, and details of his or herprior offenses." The details of a person's prior offenses are part of that person's local summary criminal history information; hence, that information may not be disclosed by a local criminal justice agency except to authorized recipients. (Pen. Code, §§13300-13305.) If the person has been arrested by the district attorney's office, however, and if the request is for current information (County of Los Angeles v. Superior Court, supra,18 Cal.App.4th at p. 595), the office must "make public," among other information, any "parole or probation holds" upon which "the individual is being held." (§ 6254, subd. (f)(1).) If these conditions are not met, the district attorney's office may not disclose the requested information. In any event, an arresting agency may disclose only those probation or parole cases in which a hold has been issued; the arrest reports themselves are exempt from disclosure. (65 Ops.Cal.Atty.Gen., supra, at p. 567.)
(2) "An individual's criminal history in the county, includingall arrests and case dispositions." This is protected rap sheet information. Neither these historical records nor any information derived from them may be disclosed by a local criminal justice agency except to authorized recipients. (Pen. Code, §§13300-13305.) Further, the agency is also prohibited from facilitating any circumvention of these protections by providing the same information, or information leading to it, derived from other sources. (See Westbrook v. County of Los Angeles, supra,27 Cal.App.4th at pp. 161-167.)
(3) "The disposition of matters referred to the districtattorney for filing of criminal charges." With respect to current matters, a local law enforcement agency is required to "make public," under section 6254, subdivision (f)(2), certain limited information derived from its investigatory files, including "the time, substance, and location of all complaints or requests for assistance received by the agency and the time and nature of the response thereto," but the records themselves are exempt from disclosure. This provision does not require the agency to make public any information concerning previous complaints or requests for assistance. (See County of LosAngeles v. Superior Court, supra, 18 Cal.App.4th at p. 595.) We believe that, for a district attorney, such "requests for assistance" would include matters referred to him or her for the filing of criminal charges, and the phrase "nature of the response thereto" would include the disposition of such referrals, except that disclosures need not include any information reflecting the analyses or conclusions of investigating officers. (§ 6254.)
(4) "Criminal histories associated with a requested list ofcases in which a specified witness has testified." This type of request is similar to the discovery request made in Craig v.Municipal Court, supra, 100 Cal.App.3d 69, where a defendant sought "production of the names and addresses of all persons arrested by the officers for similar charges during the preceding two years." (Id. at p. 72.) As in Craig, the request posited here would compromise the privacy interests of the persons who are the subject of such records. (Id. at pp. 76-78.) For rap sheets as well as for the arrest records discussed in Craig,
the Legislature has "developed a detailed statutory scheme for limiting access to and disclosure of such records, and that scheme serves as a safeguard against improper dissemination and use of the records." (Id. at p. 78.) Thus, the production of the requested records or disclosure of their contents would be prohibited by the terms of Penal Code sections 13300-13305.
(5) "Numerous criminal histories associated with a request forthe names and identities of defendants charged with particularspecified criminal conduct over a period of years." Such a request, though its purpose may be to survey an agency's administrative practices over time, seeks historical information of the kind contained in local summary criminal history information, including identifying details about persons charged with particular crimes in the past. Hence, that information may not be produced or disclosed by a local criminal justice agency except to authorized recipients. (Pen. Code, § 13300.) The request also seeks a large body of data covering a substantial period of time, and is thus similar to the request for court records made in Westbrook v. County of Los Angeles, supra,27 Cal.App.4th 157. We note, however, that where requests are limited to supporting statistical analyses and do not seek identifying information about the persons involved, Penal Code section 13300, subdivision (h), states: "It is not a violation of this article to disseminate statistical or research information obtained from a record, provided that the identity of the subject of the record is not disclosed."
We therefore conclude that, in response to a public records request, a prosecutor may not produce records that disclose: (1) whether a recently charged or soon-to-be charged defendant is on probation or parole, and details of his or her prior offenses; (2) an individual's criminal history in the county, including all arrests and case dispositions; (3) the disposition of matters referred to the district attorney for filing; (4) criminal histories associated with a requested list of cases in which a specified witness has testified; and (5) numerous criminal histories associated with a request for the names and identities of defendants charged with particular specified criminal conduct over a period of years. With respect to category (3) and in rare circumstances category (1), however, a prosecutor is required to make public certain limited current information derived from records in the prosecutor's investigatory files.
[1] All references hereafter to the Government Code are by section number only.
[2] Deserving special mention is subdivision (k) of section 6254, which provides an exemption for "[r]ecords, the disclosure of which is exempted or prohibited pursuant to federal or state law. . . ." This subdivision thus incorporates other prohibitions established by law. (See CBS, Inc. v. Block, supra,42 Cal.3d at p. 656; City of Hemet v. Superior Court, supra,37 Cal.App.4th at pp. 1422-1431; San Gabriel Tribune v. SuperiorCourt (1983) 143 Cal.App.3d 762, 775; 87 Ops.Cal.Atty.Gen. 181,185 (2004); 76 Ops.Cal.Atty.Gen. 219, 221 (1993).) Also, section 6255 allows a public agency to withhold any record upon a showing that "on the facts of the particular case the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure of the record." (See Haynie v.Superior Court (2001) 26 Cal.4th 1061, 1074;88 Ops.Cal.Atty.Gen., supra, at p. 163; 84 Ops.Cal.Atty.Gen. 55,56-60 (2001); 81 Ops.Cal.Atty.Gen. 383, 386-388 (1998).)
[3] The disclosure of state summary criminal history information is subject to the same restrictions. (See Pen. Code, §§ 11105, 11144.)
[4] We have previously concluded that "any reasonable method which provides any members of the public with access to the requisite information would satisfy the requirement that the information be made public." (65 Ops.Cal.Atty.Gen. 563, 568
(1982).)
[5] We note that an agency's obligation to make arrest information public under the provisions of section 6254, subdivision (f)(1), extends only to "every individual arrested by the agency. . . ." Accordingly, a district attorney's office may have few, if any, reporting duties under this provision.
[6] In requiring the disclosure of names of persons having criminal convictions who, over a five-year period, received exemptions from the Department of Social Services ("DSS") allowing them to work in licensed day care facilities, the court in CBS Broadcasting, Inc. v. Superior Court, supra,91 Cal.App.4th 892, reasoned that "the public has an overwhelming interest in making sure that DSS does not abuse its discretion in granting exemptions that will allow individuals with qualifying criminal convictions to be employed at child daycare centers licensed by DSS." (Id. at p. 906.) The court noted that the party requesting the data "is not seeking information about the convictions suffered by the individuals granted criminal conviction exemptions, nor is it seeking any other privileged information, such as the date of birth of such individual and his or her physical description." (Id. at pp. 907-908.) The court held that, to the extent the convicted persons' privacy may be compromised by such disclosures, they voluntarily placed themselves under public scrutiny "by virtue of applying for a license to work at, operate, or own a child daycare facility, which license also constitutes a matter of public record." (Id.
at p. 908.)
[7] We also assume, for purposes of this analysis, that the request has not been made for a scholarly, journalistic, political, or governmental purpose, or for investigation purposes by a licensed private investigator. (§ 6254, subd. (f)(3); see89 Ops.Cal.Atty.Gen. 97, 98-103 (2006).)