RITA CUNNINGHAM & another *vs.* HEALTH OFFICER OF CHELSEA. February 14, 1979. The plaintiffs, Rita Cunningham and Barbara L'Heureux, brought this action in the nature of mandamus to compel the health officer of the city of Chelsea to give them access under G. L. c. 66, § 10, as appearing in St. 1973, c. 1050, § 3, to certain information alleged to be public records. Access was denied. Specifically the plaintiffs sought to examine "any complaints, inspection reports, and correspondence" pertaining to housing code violations found within the previous two years to exist on about thirty Chelsea properties owned by Andrew and Harold Diranian who intervened as defendants below. The plaintiffs' motion for summary judgment was denied. At the ensuing trial before a Superior Court judge, no additional evidence was introduced. The judge made perfunctory findings and denied the plaintiffs' several requests for rulings. Judgment was then entered for the defendants. The case is here on the plaintiffs' appeal from that judgment. The requested documents are public records. The inspec-

tion reports are specifically designated as such by G. L. c. 111, § 127B, and the remaining information sought falls within the definition of "public records" found in G. L. c. 4, § 7, Twenty-sixth, which encompasses "all 'documentary materials or data, regardless of physical form or characteristics ... *received* by any ... authority of the commonwealth' unless the documents fall within certain stated exemptions" (emphasis supplied). *Wolfe* v. *Massachusetts Port Authy.*, 366 Mass. 417, 421 n.3 (1974). *Bougas* v. *Chief of Police of Lexington*, 371 Mass. 59, 61 n.2 (1976). *Attorney Gen.* v. *Collector of Lynn*, 377 Mass. 151, 153 (1979). The custodian of a public record bears the burden of showing the applicability of a statutory exemption. G. L. c. 66, § 10(c). Nothing in the record indicates that the health officer attempted to meet this burden with respect to either of the asserted exemptions. In any event, it is evident that this burden could not here be successfully met. Clause Twenty-sixth (*c*), exempting material which may constitute an invasion of personal privacy does not support nondisclosure where the information sought does not amount to "intimate details of a highly personal nature." *Attorney Gen.* v. *Collector of Lynn, supra* at 157, and cases cited, & 156 n.4. Furthermore, the information sought here is relevant to matters of public concern, viz., the quality of residential housing and the performance of a public agency. *Id.* at 158. Clause Twenty-sixth (*f*) protects "investigatory materials necessarily compiled out of the public view by law enforcement or other investigatory officials the disclosure of which materials would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest." However, the information sought here does not appear to be "compiled out of the public view." General Laws c. 111, § 127B, requires that copies of any investigation or inspection report, and any written order or notice to the owner issued by the board of health be sent to "the occupants of all affected premises," together with a list of statutory remedies available to the occupants. Thus disclosure, at least to occupants, far from prejudicing law enforcement, enhances it. Here there is no indication that in the event of disclosure, a prospective enforcement proceeding will be prejudiced, that confidential investigative techniques will be revealed, that citizens will be discouraged from cooperating with authorities, or that public officials will feel inhibited in performing their duties. See *Bougas* v. *Chief of Police of Lexington, supra* at 61-62. There is no force to the argument advanced by the board of health that the plaintiffs had no right or standing to obtain access to the requested information. General Laws c. 66, § 10, requires no "standing" and furnishes no basis for discriminating among categories of persons seeking access to information pertaining to public records. *Bougas* v. *Chief of Police of Lexington, supra* at 64. The judgment is reversed and a new judgment is to be entered in the Superior Court granting the plaintiffs access to the requested information subject to the provisions of G. L. c. 66, § 10(a). Costs and expenses, including counsel fees, are not to be awarded to either party.

*So ordered.*

*Roger Mervis* for the plaintiffs.

*Alexander E. Finger,* City Solicitor, for the defendant.

*Jonathan Brant,* Assistant Attorney General, for the Supervisor of Public Records, amicus curiae, submitted a brief.