MARY POTTLE & others[1] vs. SCHOOL COMMITTEE OF
BRAINTREE & others.[2]

Norfolk. May 6, 1985. — September 13, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Public Record. Privacy. School and School Committee*, Public record.

The names and home addresses of employees of a municipal school commit-
tee were public records, as the term is defined in G. L. c. 4, § 7,
Twenty-sixth (*c*), and the disclosure of this information pursuant to
G. L. c. 66, § 10, by their employer at the request of a labor union
would not invade the privacy of the employees. [864-866]

CIVIL ACTION commenced in the Superior Court Department
on February 24, 1984.

The case was heard by *Paul G. Garrity, J.,* on respective
motions to dismiss and for summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Sandra C. Quinn* for Mary Pottle & others.

*Allan R. Fierce,* Assistant Attorney General, for Supervisor
of Public Records.

*Deborah L. McCutcheon* for Massachusetts Federation of
Teachers, AFT, AFL-CIO.

[1] The others are: Ray Tombari, Patricia Doherty, Kevin Butler, and Ed-
ward McDonough. These plaintiffs sued "individually and as they represent
a class of teachers in the Braintree School System who are similarly situated
and as they are officers and membership of the Braintree Education Associ-
ation." The court below did not specifically address the issue whether a
class action was maintainable. See Mass. R. Civ. P. 23 (b), 365 Mass. 767
(1974). See, e.g., *Carpenter* v. *Suffolk Franklin Sav. Bank,* 370 Mass.
314, 317 (1976).

[2] The others are: the superintendent of the Braintree school system; the
Massachusetts Federation of Teachers, AFT, AFL-CIO (MFT), a labor
union; and the Deputy Secretary of State and Supervisor of Public Records
for the Commonwealth.

LIACOS, J.  The Massachusetts Federation of Teachers, AFT, AFL-CIO (MFT), sought the disclosure of the names, job classifications, and home addresses of all employees of the Braintree public schools from the superintendent of schools for the Braintree school department (superintendent) pursuant to G. L. c. 66, § 10 (1984 ed.). In this case, the plaintiffs (public school teachers in the Braintree school system and officers and members of the Braintree Education Association, another labor union) and the defendants (the MFT and the Supervisor of Public Records for the Commonwealth [supervisor]) cross-appeal from a judgment entered in the Superior Court in Norfolk County. In that judgment, the Superior Court judge granted the defendants' motions to dismiss in part and denied them in part, thereby allowing the disclosure of the school employees' names and job classifications. Also, the judge granted the plaintiffs' motion for summary judgment in part and denied it in part, thereby permanently enjoining the disclosure of the school employees' home addresses. We transferred the case to this court on our own motion. We hold that G. L. c. 66, § 10, requires the disclosure of all the information requested: the name, job classification, and home address of each school employee. Accordingly, we direct that the judgment be modified.[3]

---

[3] The procedural history of this case is fairly complex. MFT sent a written request to the superintendent for the name, home address, job classification and assignment of each school employee. The superintendent refused this request. MFT then petitioned the supervisor in accordance with G. L. c. 66, § 10 (*b*), for a determination whether the records sought were public records. The supervisor found that the information sought was public and ordered the superintendent to release the information to MFT. Before the superintendent released the information, the plaintiffs in this case filed a complaint in the Superior Court in Norfolk County seeking, inter alia, a temporary restraining order preventing the release of the teachers' names, home addresses, and job classifications to the MFT. A judge issued the requested temporary restraining order. The defendant supervisor filed a motion to dismiss the plaintiffs' complaint. A judge of the Superior Court then declined to grant a preliminary injunction against the release of the information, stating: "The Court is satisfied that the records sought are Public Records within the meaning of M.G.L. c. 66 and do not fall within any exception thereto." The plaintiffs sought interlocutory review of the order denying the application for the preliminary injunction before a single justice

General Laws c. 66, § 10, provides, in relevant part: "Every person having custody of any public record, as defined in clause Twenty-sixth of section seven of chapter four, shall, at reasonable times and without unreasonable delay, permit it, or any segregable portion of a record which is an independent public record, to be inspected and examined by any person, under his supervision, and shall furnish one copy thereof upon payment of a reasonable fee." The plaintiff school employees argue that their names and home addresses are exempt from disclosure under G. L. c. 66, § 10. They claim that their names

of the Appeals Court. The single justice denied the plaintiffs' petition for relief; relying on *Hastings & Sons Publishing Co.* v. *City Treasurer of Lynn*, 374 Mass. 812 (1978), he held that the information sought was public information within the meaning of G. L. c. 4, § 7, Twenty-sixth (1984 ed.). Apparently the superintendent continued to refuse to release the information because eleven days after the single justice issued his order, MFT filed a motion in the Superior Court for an order to release the information in accordance with G. L. c. 66, § 10 (*b*). MFT also filed a motion to dismiss the plaintiffs' complaint. The plaintiffs filed a motion to treat the defendants' motion to dismiss as a motion for summary judgment and grant "judgment against the defendants pursuant to MRCP 56 (c)."

A judge of the Superior Court (a judge other than the one who denied the plaintiffs' application for a preliminary injunction) rendered judgment. He ruled on the defendants' pending motions to dismiss and the plaintiffs' motion, which he treated as a motion for summary judgment. He granted the defendants' motions to dismiss with respect to the plaintiffs' claims concerning names and job classifications and denied the motions with respect to the home addresses. Accordingly, he granted the plaintiffs' motion for summary judgment with respect to the school employees' home addresses, thereby permanently enjoining the release of the home addresses. After the defendant MFT's motion for reconsideration was denied without a hearing, defendants MFT and the supervisor and the plaintiff school teachers cross-appealed from the judgment.

We take special note of the fact that MFT filed a motion for an order to release the information pursuant to G. L. c. 66, § 10 (*b*), and we consider the case from the perspective of an action to enforce the public records statute. See G. L. c. 66, § 10 (*b*) (1984 ed.) (permitting "any person requesting a public record" to seek an order from the "supreme judicial or superior court" requiring the custodian of a public record to comply with the disclosure request). In so doing we do not address the question "what rights a submitter of information to a governmental entity may have to restrain disclosure of exempt information by that entity. See *Chrysler Corp.* v. *Brown*, 441 U.S. 281 (1979)." *Globe Newspaper Co.* v. *Boston Retirement Bd.*, 388 Mass. 427, 442 n.24 (1983). This issue has not been fully briefed or argued. *Id.* at 442 & n.24.

and home addresses are not part of a "public record," as that term is defined by G. L. c. 4, § 7, Twenty-sixth (*c*).

The plaintiffs do not argue that their names and home addresses do not come within the general definition of public records.[4] Rather, they claim that their names and home addresses fall within one of the statutory exemptions to the definition of a public record. General Laws c. 4, § 7, Twenty-sixth (*c*), exempts from the definition of a public record: "personnel and medical files or information; also any other materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy." The plaintiffs claim that their names and home addresses fall within this exemption and so should not be disclosed as a public record under G. L. c. 66, § 10. We hold that public school employees' names and home addresses do not fall within the exemption of G. L. c. 4, § 7, Twenty-sixth (*c*).

This case is controlled by our holding in *Hastings & Sons Publishing Co.* v. *City Treasurer of Lynn*, 374 Mass. 812 (1978). See *Globe Newspaper Co.* v. *Boston Retirement Bd.*, 388 Mass. 427, 435 n.13 (1983) (reaffirming the holding in *Hastings, supra*). In *Hastings*, we construed the language of G. L. c. 4, § 7, Twenty-sixth (*c*),[5] and held that "[t]he names

---

[4] General Laws c. 4, § 7, Twenty-sixth, defines the term "public records." It provides a general definition of a "public record" and then lists eleven exemptions. See G. L. c. 4, § 7, Twenty-sixth (*a*)-(*k*). "Public records" are defined generally to "mean all books, papers, maps, photographs, recorded tapes, financial statements, statistical tabulations, or other documentary materials or data, regardless of physical form or characteristics, made or received by any officer or employee of any agency, executive office, department, board, commission, bureau, division or authority of the commonwealth, or of any political subdivision thereof, or of any authority established by the general court to serve a public purpose, unless such materials or data fall within the following exceptions in that they are: . . . ." *Id.*

[5] In *Hastings*, we construed the language of G. L. c. 4, § 7, Twenty-sixth (*c*), as appearing in St. 1973, c. 1050, § 1, which exempted from the definition of a public record, inter alia, "data relating to a specifically named individual, the disclosure of which may constitute an invasion of personal privacy." The Legislature since has amended this language of G. L. c. 4, § 7, Twenty-sixth (*c*), to read: "data relating to a specifically named individual, the disclosure of which may constitute an *unwarranted* invasion of personal privacy" (emphasis added). St. 1977, c. 691, § 1. It is the latter

and salaries of municipal employees, including disbursements to policemen for off-duty work details, are not the kind of private facts that the Legislature intended to exempt from mandatory disclosure [under G. L. c. 4, § 7, Twenty-sixth (*c*)]." *Hastings, supra* at 818. Our holding required the release of payroll records of municipal employees. Those records contained "the *name, address*, base pay, overtime pay, miscellaneous payments, and gross pay of individual municipal employees of Lynn" (emphasis added). *Id.* at 821. Moreover, while *Hastings* involved an appeal by city police officers from a judgment in the Superior Court, the judgment which we affirmed required the release of the payroll records "of *all categories of employees* of Lynn" (emphasis added). *Id.* at 815. This included public school employees: the plaintiff in *Hastings* had requested the disclosure of payroll records "of any and all categories of employees of the City of Lynn, *including employees of the School Department*" (emphasis added). *Id.* at 813.

There is a clear statutory presumption in favor of disclosure: "[T]here shall be a presumption that the record sought is public, and the burden shall be upon the custodian to prove with specificity the exemption which applies." G. L. c. 66, § 10 (*c*) (1984 ed.). See *Attorney Gen.* v. *School Comm. of Northampton*, 375 Mass. 127, 131 (1978), and *Hastings & Sons Publishing Co.* v. *City Treasurer of Lynn, supra* at 817. In *Hastings, supra*, "there was no showing that disclosure of [inter alia, the names and addresses of city employees] would constitute an invasion of personal privacy." Similarly, in the instant case there were no genuine issues as to any material fact which would indicate that disclosure of the school employees' names and addresses would invade the school employees' privacy. Names and home addresses are not "'intimate details' of a 'highly personal' nature." *Id.* at 818, quoting *Getman* v. *NLRB*, 450 F.2d 670, 675 (D.C. Cir. 1971). *Attorney Gen.* v. *Collector of Lynn*, 377 Mass. 151, 157 (1979).

version of G. L. c. 4, § 7, Twenty-sixth (*c*), which applies in the present case. The addition of the word "unwarranted" narrows the scope of information which may be exempted under G. L. c. 4, § 7, Twenty-sixth (*c*). *Torres* v. *Attorney Gen.*, 391 Mass. 1, 7 (1984).

Public employees, by virtue of their public employment, have diminished expectations of privacy. See *Hastings, supra* at 818-819, and cases cited therein. Moreover, the names and addresses of the school employees are available from other sources. See *Attorney Gen.* v. *Collector of Lynn, supra.* For example, G. L. c. 51, §§ 4, 6, 7 (1984 ed.), require the creation of "street lists" of all persons residing in the Commonwealth. These street lists, which are publicly available, contain, inter alia, the names, residential addresses, and occupations of the persons listed. G. L. c. 51, §§ 6, 7. In addition, the names and addresses of all persons who register a car in the Commonwealth are publicly available. G. L. c. 90, §§ 3, 30 (1984 ed.). Furthermore, telephone directories contain addresses for all persons with publicly listed telephone numbers. Thus, we do not believe that disclosure of the school employees' names and addresses would invade the privacy of the school employees. Because we so hold, there is no occasion for us to inquire whether any invasion of privacy would be "unwarranted." G. L. c. 4, § 7, Twenty-sixth (c) (1984 ed.). See note 5, *supra.*[6]

---

[6] The plaintiffs argue that MFT seeks the disclosure of the school employees' names and home addresses "for the purely private, commercial interest of labor organizing," and that MFT's interest in obtaining the information for a nonpublic purpose should be weighed against the privacy interests of the plaintiffs in their names and home addresses. We need not decide this issue because we hold that the school employees have no privacy interest in their names and home addresses. We note several points regarding the plaintiffs' argument, however. First, we seriously doubt whether a labor union's interest in obtaining the names, job classifications, and home addresses of a group of employees can be characterized as a "purely private, commercial interest." See generally G. L. c. 150A, § 1 (1984 ed.), and G. L. c. 150E (1984 ed.). Second, while we have stated that "[a]nalysis under exemption (c) requires a balancing between the seriousness of any invasion of privacy and the public right to know," *Attorney Gen.* v. *Collector of Lynn, supra* at 156, none of our cases sanctions discrimination among the persons requesting disclosure of public records. On the contrary we have questioned "whether the Legislature intended a variable definition of 'personal data' and 'public records,' depending on the merits of the information seeker's need." *Torres* v. *Attorney Gen.*, 391 Mass. 1, 10 (1984). General Laws c. 66, § 10 (a) (1984 ed.), states that "*any person*" may examine public records (emphasis supplied). See *Bougas* v. *Chief of Police of Lexington*, 371 Mass. 59, 64 (1976), *Direct-Mail Serv., Inc.* v. *Registrar of Motor Vehicles*, 296 Mass. 353, 356 (1937), and *Cunningham* v. *Health*

We conclude that the judge below erred in granting summary judgment for the plaintiffs (and denying the defendants' motions to dismiss) on the issue of the home addresses.[7]

The case is remanded to the Superior Court, where the judgment is to be modified in accordance with this opinion.

*So ordered.*

---

*Officer of Chelsea*, 7 Mass. App. Ct. 861, 862 (1979). See also 950 Code Mass. Regs. § 32.05 (5) (1983) (prohibiting a custodian of public records from inquiring into the requestor's reasons for seeking disclosure of records).

The plaintiffs also claim that they are entitled to relief under G. L. c. 214, § 1B (1984 ed.). We do not address this claim because we have stated that G. L. c. 4, § 7, Twenty-sixth (*c*) "itself recognizes an invasion of privacy exemption on a standard more favorable to nondisclosure than G. L. c 214, § 1B . . . [and that] we need test the judgment only against the exemption of subclause (*c*)." *Attorney Gen.* v. *School Comm. of Northampton, supra* at 132. See *Hastings & Sons Publishing Co.* v. *City Treasurer of Lynn, supra* at 819. *School Comm. of Northampton* and *Hastings* were decided under G. L. c. 4, § 7, Twenty-sixth (*c*), as appearing in St. 1973, c. 1050, § 1, i.e., the version in effect before the 1977 amendment adding the word "unwarranted" to qualify "invasion of personal property." *School Comm. of Northampton, supra* at 131 n.4. *Hastings, supra* at 817 n.8. However, we believe that G. L. c. 4, § 7, Twenty-sixth (*c*), as amended by St. 1977, c. 691, § 1, continues to set a "standard more favorable to nondisclosure than G. L. c. 214, § 1B [which provides a right only against 'unreasonable, substantial or serious interference with . . . privacy']." *School Comm. of Northampton, supra* at 132. G. L. c. 214, § 1B.

[7] The defendant MFT argues that it should be awarded attorneys' fees under the authority of G. L. c. 231, § 6F (1984 ed.), because the plaintiffs' claims "were wholly insubstantial, frivolous, and not advanced in good faith." G. L. c. 231, § 6F. We decline to order a hearing on attorneys' fees. In view of the Superior Court judge's ruling that the school employees' home addresses were exempt from disclosure, we cannot say that the plaintiffs' claims were "wholly insubstantial, frivolous, and not advanced in good faith." *Id.*