NORMAN BROGAN & others[1] *vs.* SCHOOL COMMITTEE OF
WESTPORT & others.[2]

Bristol.  November 5, 1987. — December 16, 1987.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Public Record. Privacy. School and School Committee,* Public record.

A town's school committee's employee attendance and absentee records
which contain essentially nonpersonal information are public records
within the meaning of G. L. c. 4, § 7, Twenty-sixth (c), and are subject
to the mandatory disclosure provisions of G. L. c. 66, § 10. [308-309]

CIVIL ACTION commenced in the Superior Court Department
on April 7, 1986.

The case was heard by *William H. Carey,* J.

The Supreme Judicial Court granted a request for direct
appellate review.

*Jeffrey W. Jacobsen* for the plaintiffs.

*Carlton A. Lees,* Town Counsel, for the intervener.

*Duane R. Batista* for the defendants.

*Timothy B. Gassert,* Special Assistant Attorney General, for
the Supervisor of Public Records, amicus curiae, submitted a
brief.

HENNESSEY, C.J. The plaintiffs appeal from a judgment of
the Superior Court in which a judge ruled that the Westport
school committee's employee attendance and absentee records

---

[1] Four other teachers in the Westport school system, individually and as
representatives of a class composed of all teachers employed by the Westport
school committee; and the Westport Federation of Teachers, Local 1906
AFT, AFL-CIO.

[2] The superintendent of schools for the town of Westport; the supervisor
of public records for the Commonwealth; and, as an intervener, the Westport
board of selectmen.

are public records within the meaning of G. L. c. 4, § 7, Twenty-sixth (c) (1986 ed.), and that, therefore, these records are subject to mandatory disclosure pursuant to G. L. c. 66, § 10 (1986 ed.).

The dispute below arose in September, 1985, when the Westport board of selectmen repeatedly requested that the school committee of Westport release to them individual employee absentee records. In response to these requests, the school committee first provided the selectmen with summaries of the absentee records, and then with the records themselves, although with the names of the employees deleted. Unsatisfied with these responses, the selectmen pressed their demand for the unexpurgated records, contending that the absentee records were public records subject to mandatory disclosure pursuant to the Massachusetts Public Records Law, G. L. c. 66, § 10. The school committee resisted this demand, arguing that the absentee records fell within the exemption from mandatory disclosure for "personnel and medical files or information" under G. L. c. 4, § 7, Twenty-sixth (c). The plaintiffs filed an action requesting declaratory and injunctive relief in the form of an order declaring that the individual teacher absentee records sought by the selectmen are not public records subject to mandatory disclosure, and enjoining the defendant school committee and the defendant superintendent of schools from making such records available to the public or to the selectmen.

On the parties' stipulations of facts, the judge ruled that the plaintiffs had standing to bring the action; that the records were public records within the meaning of G. L. c. 4, § 7, Twenty-sixth (c); and that they were subject to the mandatory disclosure provisions of G. L. c. 66, § 10. Because of this ruling, the judge did not reach the selectmen's independent claim of a right to inspect the disputed records pursuant to G. L. c. 41, § 52 (1986 ed.). The plaintiffs' appeal to the Appeals Court was remanded to the Superior Court for further action on this claim because the judge had not disposed of this claim nor made an express determination that there was no just reason for delay and an express direction for the entry of judgment, as required by Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974).

On remand, the judge after hearing ruled in favor of the selectmen on this issue as well. We granted the plaintiffs' application for direct appellate review, and now affirm.[3]

At the outset, we note that the nominal alignment of the parties does not reflect their underlying interests. The school committee, nominally a defendant, really is only the custodian of the disputed records — a "stakeholder." The actual dispute is between the plaintiffs (individual teacher-employees of the school committee and officers of the Westport Federation of Teachers, their authorized collective bargaining agent) and the intervener selectmen.

"[M]edical and personnel files or information are absolutely exempt from mandatory disclosure where the files or information are of a personal nature and relate to a particular individual." *Globe Newspaper Co.* v. *Boston Retirement Bd.*, 388 Mass. 427, 438 (1983). The dispute centers on the issue whether the individual absentee records are "of a personal nature." The judge below ruled that they were not. We agree. The selectmen seek information only as to the names of the school committee's employees, and the dates and generic classifications, e.g., "sick day," "personal day," etc., of their absences. These are not " 'intimate details' of a 'highly personal' nature," the "kind of private facts that the Legislature intended to exempt from mandatory disclosure" (citations omitted). *Hastings & Sons Publishing Co.* v. *City Treasurer of Lynn,* 374 Mass. 812, 818 (1978) (municipal payroll records). See *Pottle* v. *School Comm. of Braintree,* 395 Mass. 861, 865 (1985) (names and addresses of municipal school committee's employees). The selectmen have not requested any information of a personal nature, such as the medical reason for a given absence or the details of family emergencies, nor does the record indicate that any of the absentee records involved such information.

---

[3] Because our decision on the public records issue moots the issue of the selectmen's right to inspect the disputed records pursuant to G. L. c. 41, § 52, we do not today decide that question.

The plaintiffs argue that this case is controlled by our decision in *Globe Newspaper Co., supra,* and that to decide that the records at issue here are subject to mandatory disclosure is inconsistent with the language and the reasoning of that case. In *Globe,* the newspaper sought access to information regarding former employees of the city of Boston receiving disability pensions, specifically, "the medical reason given by each employee in applying and receiving his disability pension, e.g., bad back, heart problem, hypertension, etc." *Id.* at 430. We held that this information was absolutely exempted by G. L. c. 4, § 7, Twenty-sixth, from the mandatory disclosure requirements of G. L. c. 66, § 10. The plaintiffs contend that the principle of *Globe* compels an outcome in their favor.

This argument is not persuasive. The plaintiffs point to the similarities between the instant case and *Globe,* but do not perceive the fundamental difference. Information as to a named individual's medical condition inherently is "of a personal nature" in a way that the fact that a named teacher took a "sick day" or a "personal day" on a certain date is not. *Globe* involved disability pensioners, persons who by definition have medical problems serious enough to cause them to be deemed medically unfit to work. Here we deal only with records of absenteeism among teachers, information which has potential to embarrass its subjects only in so far as evidence of excessive absenteeism may lead to further inquiry and discovery of abuses. The records sought are not themselves "of a personal nature." "Not every bit of information which might be found in a personnel or medical file is necessarily personal so as to fall within the exemption's protection. . . . [T]he scope of the exemption turn[s] on the character of the information sought . . . ." *Globe Newspaper Co., supra* at 435. In this case, the information sought is of an essentially nonpersonal character, and so falls outside the exemption.

*Judgment affirmed.*