PETER GEORGIOU *vs.* COMMISSIONER OF THE DEPARTMENT OF
INDUSTRIAL ACCIDENTS (and a companion case[1]).

No. 05-P-348.

Suffolk. February 10, 2006. - September 25, 2006.

Present: LENK, CYPHER, & BERRY, JJ.

*Public Records. Workers' Compensation Act,* Injuries to which act applies.
*Privacy. Name.*

A Superior Court judge erred in concluding that no privacy interest was
    implicated in the disclosure of names and addresses of injured private sec-
    tor employees in public records that the Department of Industrial Accidents
    collected from employers and maintained, as would exempt such names
    and addresses from disclosure under G. L. c. 4, § 7, Twenty-sixth (*c*),
    where the disclosure of such names and addresses would, of necessity, also
    include the fact that the identified employees were sufficiently disabled to
    be out of work for five or more days, and the aggregate effect of such
    disclosures might intensify the invasion of privacy and weigh against
    disclosure; therefore, this court remanded the case for balancing of the
    invasion of privacy against the public interest in disclosure. [431-438]

CIVIL ACTIONS commenced in the Superior Court Department
on May 15, 2003, and December 4, 2003, respectively.

After consolidation, the cases were heard by *Geraldine S.
Hines*, J., on motions for judgment on the pleadings.

*William W. Porter*, Assistant Attorney General, for Commis-
sioner of the Department of Industrial Accidents.

*John J. Sheehan* for Peter Georgiou.

*Noah Rosmarin* for James N. Ellis, Sr.

LENK, J. These consolidated actions for declaratory and
injunctive relief raise identical questions under the Mas-
sachusetts public records statute, G. L. c. 66, § 10. In each
case, the plaintiff requested disclosure of a limited subset of
information that the Department of Industrial Accidents (depart-

---

[1]James N. Ellis, Sr. *vs.* Department of Industrial Accidents.

ment) collects from employers and maintains in its so-called "first reports of injury" (first reports). The department responded affirmatively to the requests but indicated that it would redact the names and addresses of injured workers from documents responsive to the requests. After the supervisor of public records (supervisor of records) indicated his agreement with the department's position, the plaintiffs brought separate actions, which were later consolidated. On cross motions for judgment on the pleadings, the judge concluded that the first reports were public records within the meaning of G. L. c. 4, § 7, Twenty-sixth, and that, because disclosure of the requested names and addresses contained in such records would not constitute an invasion of personal privacy, the names and addresses were not exempt from disclosure under G. L. c. 4, § 7, Twenty-sixth (*c*) (exemption [*c*]). The department appeals from the judgments requiring it to disclose the requested information.

*Background.* Under G. L. c. 152, § 6, inserted by St. 1991, c. 398, § 18, employers must promptly notify the department "of any injury alleged to have arisen out of and in the course of employment which incapacitates an employee from earning full wages for a period of five or more calendar days." This notice, which is to be given on a prescribed form entitled "Employer's First Report of Injury or Fatality," must "contain the name and nature of the business of the employer, the name, age, sex, and occupation of the injured employee, and the date, nature, circumstances and cause of the injury and such additional information as the division shall prescribe." *Ibid.* The employer must also provide this notice to its workers' compensation insurance carrier[2] and to the affected employee. *Ibid.* The department maintains the first reports, as well as a computer database with statistical summaries, as required by G. L. c. 152, § 6.

The record reflects that, for a number of years prior to 2003, the plaintiffs, each of whom is an attorney practicing in the Commonwealth, had regularly requested, pursuant to G. L. c. 66, § 10, that the department provide certain limited information from the first reports, specifically: the employee's name and

---

[2]Within fourteen days of the insurer's receipt of its insured's first report, it must either begin paying the injured employee weekly benefits or give notice of its refusal to do so. G. L. c. 152, § 7(1).

address; the date of injury; the employer's name and address; and the workers' compensation insurance carrier. The department had complied with these requests, providing a computer printout containing only the requested information. Beginning in April, 2003, however, the department took the position that the employees' names and addresses were exempt from disclosure under G. L. c. 4, § 7, Twenty-sixth (c), the privacy exemption to the public records statute.

Both plaintiffs appealed the department's response to their public records request to the supervisor of records pursuant to G. L. c. 66, § 10(b). The supervisor of records then determined that the "responsive names and addresses of the injured employees may properly be redacted from the record prior to disclosure" under the second clause of exemption (c), which is intended to protect "intimate details of a highly personal nature." According to the supervisor of records, because "[t]he records in question disclose the names and addresses of employees who have suffered bodily injury and have applied for assistance under the Workers Compensation Law," the names and addresses are "personal information in which the employee has a legitimate privacy interest[,] . . . information that is not normally shared with members of the general public. Disclosure . . . as recipients of workers compensation benefits could have adverse effects on these individuals. The public interest . . . is minimal."

The plaintiffs brought separate complaints for declaratory and injunctive relief in Superior Court, which were later consolidated; thereafter, the judge heard cross motions for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c), 365 Mass. 756 (1974).[3] Acting on this spare material, which she viewed as producing no dispute over material fact and as framing only issues of law, the judge concluded that the workers' names and addresses, even when associated with the fact of workplace

---

[3]It appears from the record on appeal that all that was before the judge in connection with these motions were the complaints, answers, and legal memoranda. Georgiou's complaint incorporated his March 24, 2003, public records request to the department while Ellis's complaint incorporated three attachments: his May 12, 2003, public records request and the department's May 20, 2003, response thereto; his May 29, 2003, appeal to the supervisor of records; and the supervisor's July 10, 2003, administrative order.

injury, are not "intimate details of a highly personal nature" and disclosure thereof would not constitute an invasion of privacy. Given this, the judge thought it unnecessary to address the interest of the public in disclosure and did not engage in balancing such an interest against any claimed invasion of privacy.

On appeal, the department claims error in the judge's application of exemption (*c*) to the public records statute.[4]

*Analysis.* We begin by noting that G. L. c. 66, § 10, the public records statute, was enacted "to give the public broad access to government documents." *Harvard Crimson, Inc.* v. *President & Fellows of Harvard College, Inc.*, 445 Mass. 745, 749 (2006). Documents such as the first reports, held by agencies such as the department, are presumed to be public records unless the department can prove with specificity that the documents or parts of the documents fall within one of the fifteen enumerated statutory exemptions. See *Matter of a Subpoena Duces Tecum*, 445 Mass. 685, 687-688 (2006). See also *Bougas* v. *Chief of Police of Lexington*, 371 Mass. 59, 61 (1976). In a court proceeding to enforce compliance with the request of any person to inspect or copy a public record, "there shall be a presumption that the record sought is public, and the burden shall be upon the custodian to prove with specificity the exemption which applies." G. L. c. 66, § 10(*c*), inserted by St. 1973, c. 1050, § 3.

---

[4]The department also claims error in the judge's purported failure to take into consideration restrictions placed on agency disclosure of personal identifying information by virtue of the Fair Information Practices Act, G. L. c. 66A, § 2(*c*) (FIPA). We observe in this regard that the department does not appear to have brought this point specifically to the motion judge's attention. The record appendix contains no such reference. The legal memoranda before the motion judge that were fortuitously appended to one of the defendants' appellate briefs suggests that the department only cited to case law that discussed FIPA along with the State public records statute; the department had neither indicated its reliance on FIPA itself nor based any legal argument on restrictions placed on the department by virtue of FIPA. The only basis on which the department ever resisted disclosure was G. L. c. 4, § 7, Twenty-sixth. This case, accordingly, arose under the State public records statute, unlike *Torres* v. *Attorney Gen.*, 391 Mass. 1 (1984), and *Doe* v. *Registrar of Motor Vehicles*, 26 Mass. App. Ct. 415 (1988), which, as well as Cella, Administrative Law & Practice § 1187 (1986 & Supp. 2006), provide useful discussions of the occasions where the disclosure requirements of the public records statute may appear to conflict with the nondisclosure requirements of FIPA.

The department maintains that, at least to the extent that the first reports contain employee names and addresses, they are not public records because they are exempt under the second clause of exemption (*c*). This clause exempts from the expansive statutory definition of "public record" those "materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of privacy." G. L. c. 4, § 7, Twenty-sixth (*c*), as amended by St. 1977, c. 961, § 1.

In determining whether this exemption applies, two considerations are pertinent. First, "[g]iven the statutory presumption in favor of disclosure, exemptions must be strictly construed." *Attorney Gen.* v. *Assistant Commr. of the Real Property Dept. of Boston*, 380 Mass. 623, 625 (1980). See *Worcester Telegram & Gazette Corp.* v. *Chief of Police of Worcester*, 436 Mass. 378, 383 (2002). At the same time, we must bear in mind that the public records statute "should not be used as a means of disregarding the considered judgment of the Legislature that the public right of access should be restricted in certain circumstances." *Ibid.*, quoting from *Globe Newspaper Co.* v. *Boston Retirement Bd.*, 388 Mass. 427, 436 (1983).

Second, the relevant clause of exemption (*c*) was amended in 1977 to modify the word "privacy" by adding before it the word "unwarranted." This amendment "in essence broadened the range of information that might be available as public records." *Torres* v. *Attorney Gen.*, 391 Mass. 1, 7 (1984). See *Attorney Gen.* v. *Collector of Lynn*, 377 Mass. 151, 156 n.4 (1979) (amendment "increases the burden on the party relying on exemption [*c*] to resist disclosure"); *Pottle* v. *School Comm. of Braintree*, 395 Mass. 861, 864 n.5 (1985) (amendment "narrows the scope of information which may be exempted" from disclosure). In this regard, however, "[t]he word 'unwarranted' . . . particularly suggests a . . . balancing of the public's right to know as reflected in the Commonwealth's public records law, and the individual's right to protection against an unwarranted intrusion into his privacy. The exemption of subclause (*c*) appears to be the only exemption in the definition of 'public records' calling for a balancing of interests rather than for an objective determination of fact." *Torres* v. *Attorney Gen., supra* at 9. Accordingly, analysis of the applicability of the second

clause of exemption (c) *requires* a balancing between the seriousness of any invasion of privacy that may exist and the public's right to know. See *Attorney Gen.* v. *Collector of Lynn, supra* at 156 ("Where the public interest in obtaining information substantially outweighs the seriousness of any invasion of privacy, the private interest in preventing disclosure must yield to the public interest"). See also *Hastings & Sons Publishing Co.* v. *City Treasurer of Lynn,* 374 Mass. 812, 818-819 (1978); *Attorney Gen.* v. *Assistant Commr. of the Real Property Dept. of Boston,* 380 Mass. at 625.

The motion judge determined that there was no privacy interest whatsoever implicated in the disclosure of the injured employees' names and addresses and hence no need to engage in the aforesaid balancing. She used as her primary touchstone the inquiry whether such information constitutes "intimate details of a highly personal nature." Concluding that the subject information is not comparable to matters that have been determined to fall into that category, *id.* at 626 n.2 (marital status, legitimacy of children, identity of fathers of children, medical condition, welfare payments, alcohol consumption, family fights, and reputation), the judge determined that disclosure of injured employees' names and addresses would not be an invasion of privacy.

The judge correctly observed that Massachusetts courts have generally concluded that names and home addresses are not inherently private or personal in nature. See, most recently, *Cape Cod Times* v. *Sheriff of Barnstable County,* 443 Mass. 587, 595 (2005) (names and addresses of adults are not intimate details of a highly personal nature). See also *Attorney Gen.* v. *Collector of Lynn,* 377 Mass. at 157-158 (disclosure of names and addresses of tax delinquents, though involving some embarrassment and invasion of personal privacy, does not implicate intimate details of a highly personal nature and seriousness of any invasion of privacy diminished since same information available from other sources); *Pottle* v. *School Comm. of Braintree,* 395 Mass. at 862 (names, addresses, and job classification of municipal school teachers not exempt under [c]); *Brogan* v. *School Comm. of Westport,* 401 Mass. 306, 308-309 (1987) (names and absentee records of school committee employees along with dates and generic classification, i.e., "sick day," "personal day," are public

records subject to mandatory disclosure). She also observed — apparently on the basis of case law rather than the record before her — that the names and addresses of the injured employees are available from other sources.[5] In addition, she discounted the potential embarrassment or stigma that might attend disclosure of the names and addresses of injured employees as thereby having a known disability. The judge took the view that the generality of the information — that an "injury" occurred — rendered any such adverse consequences highly unlikely.

Whether a privacy interest is implicated in these circumstances requires a somewhat more nuanced examination. While disclosure of the names and addresses of adults does not, per se, establish an invasion of privacy, see *Federal Labor Relations Authy.* v. *United States Dept. of the Navy,* 941 F.2d 49, 55-56 (1st Cir. 1991), and cases cited, we are mindful of the observation in *Torres* v. *Attorney Gen.,* 391 Mass. at 9, that "the same information about a person, such as his name and address, might be protected against disclosure as an unwarranted invasion of privacy in one context and not in another."[6] In holding that the names and addresses of Federal employees could not be disclosed to labor unions, the United States Court of Appeals for the First Circuit noted that, while there is a "relatively modest privacy interest . . . assigned to individuals' bare names and home addresses[,] . . . on the other side of the scales, . . . a discernable interest exists in the ability to retreat to the seclusion of one's home and to avoid enforced disclosure of one's address. While of modest strength, this interest is nonetheless real enough to be worthy of recognition and protection in appropriate circum-

---

[5] We see nothing in the submissions before the motion judge to support this.

[6] In general, G. L. c. 4, § 7, Twenty-sixth, is patterned after the Federal Freedom of Information Act, 5 U.S.C. § 552(b) (1976). *Globe Newspaper Co.* v. *Boston Retirement Bd.,* 388 Mass. at 433, n.11. *Wakefield Teachers Assn.* v. *School Comm. of Wakefield,* 431 Mass. 792, 796 (2000). Unlike G. L. c. 4, § 7, Twenty-sixth *(c),* however, the Federal statute does not contain two distinct clauses. Under our statute, medical and personnel records are absolutely exempt under the first clause of exemption *(c), Globe Newspaper Co.* v. *Boston Retirement Bd., supra* at 431-438, while the second clause requires balancing the invasion of privacy with the public interest. *Attorney Gen.* v. *Collector of Lynn,* 377 Mass. at 156 & n.4. Under the Federal statute, medical and personnel records are not absolutely exempt but are subject to the balancing test. As to the second clause of exemption *(c),* then, we may look not only to our cases but to Federal case law for guidance.

stances." *Federal Labor Relations Authy.* v. *United States Dept. of the Navy, supra.*

Here, more than just the employees' names and addresses would be disclosed — also disclosed, of necessity, would be the fact that the identified employees are sufficiently disabled to be out of work five or more days. It is, of course, to be expected that lists or compilations of names and addresses will be made or kept for a reason rather than on a random basis, and that they will thus be delimited by what the United States Court of Appeals for the District of Columbia Circuit has termed a "defining characteristic." "The extent of any invasion of privacy . . . depends upon the nature of the defining characteristics, i.e., whether it is significant that an individual possess them." *National Assn. of Retired Fed. Employees* v. *Horner*, 879 F.2d 873, 876 (D.C. Cir. 1989), cert. denied, 494 U.S. 1078 (1990). See *Wine Hobby USA, Inc.* v. *United States Int. Rev. Serv.*, 502 F.2d 133, 137 (3d Cir. 1974) (prohibiting disclosure of names and addresses of persons registered with United States Bureau of Alcohol, Tobacco, and Firearms to produce wine for family use); *Minnis* v. *United States Dept. of Agric.*, 737 F.2d 784, 786-787 (9th Cir. 1984), cert. denied, 471 U.S. 1053 (1985) (withholding names and addresses of applicants for permits to travel on particular river); *Aronson* v. *United States Dept. of Hous. & Urban Dev.*, 822 F.2d 182, 186-187 (1st Cir. 1987) (withholding names and addresses of individuals entitled to financial reimbursement). The aggregate effect of information, in addition to names and addresses, may intensify the invasion of privacy and weigh against disclosure. See *Doe* v. *Registrar of Motor Vehicles*, 26 Mass. App. Ct. 415, 425-426 (1988). It would be unsurprising if at least some of the affected employees were to perceive as personally intrusive the prospect of being identified to third parties as injured, disabled, or even as the out-of-work recipients of government benefits. This is particularly so in an era where "modern data processing technology . . . permits 'the aggregation of pieces of personal information into large central data banks.' " *Id.* at 421-422, quoting from Special Legislative Commission on Privacy, First Interim Report, 1975 House Doc. No. 5417, at 10, 15 & 22.

The affected employees here are not public employees who

"have a diminished expectation of privacy in matters concerning their employment." *Globe Newspaper Co.* v. *Boston Retirement Bd.*, 388 Mass. at 436 n.15.[7] Their names and addresses, conjoined with their known disabled status, are not information that they had any part in forwarding to the department — their employers instead being statutorily required to do so. Compare *Cape Cod Times* v. *Sheriff of Barnstable County*, 443 Mass. at 589-590, where deputy sheriffs whose names and addresses were disclosed as public record information had voluntarily applied for the position. Moreover, the subject information is not in the department's database because of any failure on the affected employees' part to comply with legal obligations. Compare *Attorney Gen.* v. *Collector of Lynn*, 377 Mass. at 157. Instead, the information sought here was provided by a third party, the employer, pursuant to a remedial statutory scheme enacted to protect injured employees. See Nason, Koziol & Wall, Workers' Compensation § 1.1 (3d ed. 2003). We think such information is more akin to that provided to a State agency in connection with obtaining government benefits. See *Torres* v. *Attorney Gen.*, 391 Mass. at 8 ("Disclosure of information provided to [a State agency] in connection with obtaining government . . . benefits would normally be regarded as an invasion of privacy").

Finally, while the requested information does not fall within the first clause of exemption (*c*) (exempting medical and personnel files), we discern at least a distant kinship to that clause notwithstanding the generality of the subject information as to the employees'· disability. See *Globe Newspaper Co.* v. *Boston Retirement Bd.*, 388 Mass. at 430-438 (even cursory medical information regarding former employees seeking disability pension, such as "bad back, heart problem, hypertension," exempt from mandatory disclosure when related to identifiable individual). See also *Brogan* v. *School Comm. of Westport*, 401 Mass. at 309 ("Information as to a named individual's medical condition inherently is 'of a personal nature' in a way that the fact that a named teacher took a 'sick day' or a 'personal day' on

---

[7]In a 1977 opinion, the Attorney General advised the department that "disclosure of personal information concerning an employee's name and home address . . . is information in which the employee has a legitimate privacy interest." Rep. A.G., Pub. Doc. No. 12, at 91 (1977).

a certain date is not"); *Viriyahiranpaiboon* v. *Department of State Police*, 52 Mass. App. Ct. 843, 848 (2001) ("medical information need not concern intimate details of a highly personal nature to bar disclosure"). The information requested here seems to us to fall somewhere between the classification of absences in *Brogan* v. *School Comm. of Westport, supra*, on the one hand, and the medical files in *Globe Newspaper Co.* v. *Boston Retirement Bd., supra* at 430, on the other: while identification of injured workers as incapacitated for five days or more is more informative as to any medical condition than that they took a sick day, it is less informative than the cursory medical statements relied upon to grant disability pensions.

In view of the foregoing, we are satisfied that the judge erred in concluding that no privacy interest whatsoever would be implicated in the disclosure of the requested information. It follows from this that the judge was required to but did not balance that invasion of privacy — whatever its extent may be — with such public interest as might be furthered by disclosure. The matter, however, was before the judge on cross motions for judgment on the pleadings. From our examination of the record, it is plain that all that was before the judge on the latter point was contained in the attachments to Ellis's complaint and referred to in the allegations of paragraph 8 of that complaint.[8] The department denied the factual allegations of paragraph 8. Neither party offered any evidentiary submissions, there was no statement of agreed facts, and it cannot be said either that the matter was converted into cross motions for summary judgment or that the facts pertinent to the balancing test are undisputed. Putting to one side whether the matter was even in a procedural posture that would have allowed the motion judge to undertake the necessary balancing, we think it improvident in these circumstances to undertake the balancing test analysis ourselves at this juncture. The record, in any event, is simply too thin, the facts too undeveloped, for this to be fruitful in any respect. See, e.g., *Attorney Gen.* v. *Assistant Commr. of the Real Property Dept. of Boston*, 380 Mass. at 626-628; *Doe* v. *Registrar of Motor*

---

[8]Ellis set out examples of ways in which disclosure of the subject information was necessary to achieve and would promote both the public interest generally, and the legal and medical interests of the affected employees.

*Vehicles*, 26 Mass. App. Ct. at 429. Accordingly, we vacate the judgments and remand the cases for such further proceedings as are not inconsistent with this opinion.

*So ordered.*