NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

+COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1211

MASSLANDLORDS, INC.

vs.

EXECUTIVE OFFICE OF HOUSING AND LIVABLE COMMUNITIES.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After the defendant denied the plaintiff's public records request, the plaintiff, a nonprofit corporation whose mission includes "the promotion of fair housing and the elimination of discrimination in the administration of rental subsidies" in Massachusetts, filed a complaint seeking the release of the records pursuant to G. L. c. 66, § 10A (c). The plaintiff appeals from a judgment of the Superior Court granting the defendant's motion to dismiss for failure to state a claim upon which relief can be granted. Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). We affirm.

---

[1] Since the commencement of this lawsuit, the Commonwealth renamed the original defendant, the Department of Housing and Community Development, as the Executive Office of Housing and Livable Communities.

Discussion. "We review the grant of a motion to dismiss de novo, accepting as true all well-pleaded facts alleged in the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor, and determining whether the allegations plausibly suggest that the plaintiff is entitled to relief."[2] Lanier v. President & Fellows of Harvard College, 490 Mass. 37, 43 (2022). We "do not consider the requester's intent when ruling on public records requests." Boston Globe Media Partners, LLC v. Department of Pub. Health, 482 Mass. 427, 447-448 (2019).

In September 2021, the plaintiff submitted a public records request to the defendant pursuant to the Public Records Law, G. L. c. 66 and 66A, seeking the street addresses of all applicants for certain rental assistance programs,[3] including applicants whose applications had "timed out."[4] The stated purpose for the request was "to compare the street addresses of rejected applicants with the street addresses of tenants who

---

[2] The plaintiff also appealed the denial of a motion for reconsideration of the judgment of dismissal and the appeals were consolidated, but the plaintiff makes no argument as to why the judge erred by denying its motion for reconsideration, so we do not discuss it or consider the materials the plaintiff submitted in support of that motion.

[3] These programs were Residential Aid for Families in Transition, Emergency Rental and Mortgage Assistance, and Emergency Rental Assistance Program.

[4] A "timed out" application is one that was denied due to incompleteness.

[were] defendants in summary process proceedings . . . to determine the extent of any overlap."  The defendant denied the public records request, reasoning that it could not legally release such personal data under G. L. c. 66A.  The plaintiff twice requested reconsideration, the second time modifying the request by specifying that disclosure would serve a public interest because the records were necessary to identify "the extent to which the [defendant's rental assistance application] process ha[d] a disparate impact on applicants of color."  When the defendant declined to reconsider, the plaintiff filed this case.

Certain data are exempt from the Public Records Law's public access requirement, including "materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy."  G. L. c. 4, § 7, Twenty-sixth (c).  "If there is a privacy interest [in the requested records], then '[e]xemption (c) requires a balancing test:  where the public interest in obtaining the requested information substantially outweighs the seriousness of any invasion of privacy, the private interest in preventing disclosure must yield'" (citation omitted).  Boston Globe Media Partners, LLC, 482 Mass. at 439.

The plaintiff concedes that there is a privacy interest in the addresses because they would reveal the identities of people

3

who applied for rental assistance.[5]  Even without this concession, we are satisfied that there is a well-established privacy interest in information related to applications for public assistance.  See Torres v. Attorney Gen., 391 Mass. 1, 8 (1984); Georgiou v. Commissioner of the Dep't of Indus. Accs., 67 Mass. App. Ct. 428, 436 (2006).  We thus turn to whether the plaintiff met its burden of showing that the public interest in disclosure of the data substantially outweighed the privacy interest.  See People for the Ethical Treatment of Animals, Inc. v. Department of Agric. Resources, 477 Mass. 280, 292 n.14 (2017) (if requested information implicates privacy interest, burden shifts to requester "to articulate a public interest in obtaining the information sought").

The plaintiff contends that there is a strong public interest in determining whether the defendant disproportionately denied rental assistance to people of color.  However,

> "[w]here the public interest being asserted is to show that responsible officials acted negligently or otherwise improperly in the performance of their duties, the requester must establish more than a bare suspicion in order to obtain disclosure.  Rather, the requester must produce evidence that would warrant a belief by a

---

[5] The plaintiff argues that some of the applicants' privacy interests may have been diminished based on disclaimers in their application forms.  However, even assuming that a record custodian could waive an individual's privacy interest by means of a disclaimer, the facts underlying this assertion were not alleged in the complaint or evidenced in its exhibits.  See Polay v. McMahon, 468 Mass. 379, 387 n.6 (2014).

4

reasonable person that the alleged [g]overnment impropriety might have occurred" (quotation and citation omitted).

Boston Globe Media Partners, LLC, 482 Mass. at 452. Here, besides asserting that low-income renters are disproportionately people of color, the complaint contains no plausible allegation that the defendant discriminated based on race or that its practices had a disparate impact based on race. Instead, the plaintiff asserted only that it "wishe[d] to learn" whether the defendant's alleged administrative failures in processing rental assistance applications led to evictions and disproportionately low acceptance rates for applicants of color. The complaint's bare assertion that the plaintiff has "reason to believe" the defendant disproportionately denied rental assistance to protected groups was not sufficient to warrant a reasonable belief that discrimination occurred. Similarly, the complaint's contention that the defendant may have discriminated because it had "no procedures in place to study possible unlawful discrimination" is a speculative assertion that the defendant discriminated against applicants from protected groups. Thus, the plaintiff's complaint failed to establish a public interest in the disclosure of tenants' addresses that substantially outweighed the privacy interests of rental assistance applicants. The sheer volume of private information implicated

5

by the plaintiff's request supports our conclusion.  See id. at 441.

The judgment dismissing the complaint is affirmed.

So ordered.

By the Court (Shin, Brennan & Hodgens, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered:  November 30, 2023.

---

[6] The panelists are listed in order of seniority.